[819 NE2d 206, 785 NYS2d 738]

Tanya Bonnette, Individually and as Mother and Natural Guardian of Majhan Wiggins, Appellant, v Long Island College Hospital et al., Respondents, et al., Defendants.

Argued September 14, 2004; decided October 21, 2004

### POINTS OF COUNSEL

*Thomas Torto,* New York City, and *Richard Frank, P.C.,* for appellant. I. As a matter of law, the stipulation of settlement is enforceable since it substantially complies with CPLR 2104. (*Hallock v State of New York,* 64 NY2d 224; *Matter of Dolgin Eldert Corp.,* 31 NY2d 1; *Popovic v New York City Health & Hosps. Corp.,* 180 AD2d 493; *Van Ness v Rite-Aid of N.Y.,* 129 AD2d 931; *Morrison v Bethlehem Steel Corp.,* 75 AD2d 1001; *Golden Arrow Films v Standard Club of Cal.,* 38 AD2d 813; *Hub Press v Sun-Ray Light. Co.,* 100 Misc 2d 1055; *Monaghan v SZS 33 Assoc., L.P.,* 875 F Supp 1037; *La Marque v North Shore Univ. Hosp.,* 120 AD2d 572; *Bernstein v Salvatore,* 62 AD2d 945.) II. Alternatively, as a matter of law, failure to comply with technical requirements of CPLR 2104 does not preclude enforcement of the stipulation of settlement, since its terms are not disputed by defendants, the party to be charged, and there has been substantial performance by such party. (*Matter of Dolgin Eldert Corp.,* 31 NY2d 1; *Rose v Spa Realty Assoc.,* 42 NY2d 338; *Clark Constr. Corp. v BLF Realty Holding Corp.,* 300 AD2d 49.) III. Alternatively, defendants are estopped from relying upon a technical noncompliance with CPLR 2104. (*Van Ness v Rite-Aide of N.Y.,* 129 AD2d 931; *Monaghan v SZS 33 Assoc., L.P.,* 875 F Supp 1037; *Mutual Life Ins. Co. v O'Donnell,* 146 NY 275; *Kret v Gergely,* 64 AD2d 692; *Lee v Rudd,* 120 Misc 407; *Schwartz v Leasehold Corp. of N.Y.,* 181 Misc 666; *Smith v Lefrak Org.,* 142 AD2d 725; *Lowe v Steinman,* 284 AD2d 506; *La Marque v North Shore Univ. Hosp.,* 120 AD2d 572; *Hansen v Prudential Lines,* 118 Misc 2d 568.)

*Bartlett, McDonough, Bastone & Monaghan, LLP,* White Plains (*Edward J. Guardaro, Jr.,* of counsel), for respondents. I. No agreement to settle was ever consummated. (*Popovic v New York City Health & Hosps. Corp.,* 180 AD2d 493; *Mitchell v New York Hosp.,* 61 NY2d 208; *Morretta v Dyson,* 173 AD2d 257; *Hallock v State of New York,* 64 NY2d 224; *Wolstencroft v Sas-*

sower, 212 AD2d 598; *Citibank v Rathjen,* 202 AD2d 235; *Conlon v Concord Pools,* 170 AD2d 754; *Matter of Kanter,* 209 AD2d 365; *Harragan v Harragan,* 204 AD2d 686; *Daniel v Long Is. Univ.,* 184 AD2d 350.) II. No substantial performance occurred and the requirements of CPLR 2104 were not fulfilled. (*Matter of Dolgin Eldert Corp.,* 31 NY2d 1; *Avaltroni v Gancer,* 260 AD2d 590; *Johnson v Four G's Truck Rental,* 244 AD2d 319; *Phillips v Pamper Decorating Serv.,* 228 AD2d 425; *Zambrana v Memnon,* 181 AD2d 730; *Graffeo v Brenes,* 85 AD2d 656; *Richardson & Lucas v New York Athletic Club,* 304 AD2d 462; *Anostario v Vicinanzo,* 59 NY2d 662; *Clark Constr. Corp. v BLF Holding Corp.,* 300 AD2d 49.) III. The doctrine of equitable estoppel is unavailable in this case. (*Matter of Janis C. v Christine T.,* 294 AD2d 496; *Nassau Trust Co. v Montrose Concrete Prods. Corp.,* 56 NY2d 175; *Triple Cities Constr. Co. v Maryland Cas. Co.,* 4 NY2d 443; *K. Bell & Assoc. v Lloyd's Underwriters,* 827 F Supp 985; *Metropolitan Life Ins. Co. v Childs Co.,* 230 NY 285; *Broadworth Realty Assoc. v Chock 336 B'way Operating,* 168 AD2d 299; *Van Ness v Rite-Aide of N.Y.,* 129 AD2d 931; *Buckingham Mfg. Co. v Frank J. Koch, Inc.,* 194 AD2d 886; *Conlon v Concord Pools,* 170 AD2d 754; *Rhulen Agency v Gramercy Brokerage,* 106 AD2d 725.)

*Michaels & Smolak, P.C.,* Auburn (*Michael G. Bersani* of counsel), for New York State Trial Lawyers Association, amicus curiae. Public policy favors enforcement of this settlement. (*People v Stephens,* 52 NY 306; *Mitchell v New York Hosp.,* 61 NY2d 208; *Matter of Rose BB.,* 300 AD2d 868; *Kimmel v State of New York,* 172 Misc 2d 906; *Hallock v State of New York,* 64 NY2d 224; *Schwartz v Leasehold Corp. of N.Y.,* 181 Misc 666; *Mutual Life Ins. Co. v O'Donnell,* 146 NY 275; *Smith v Bach,* 82 App Div 608; *Schweinburg v Altman,* 131 App Div 795; *Kleinberg v Ambassador Assoc.,* 64 NY2d 733.)

### OPINION OF THE COURT

ROSENBLATT, J.

The parties before us entered into an out-of-court oral settlement. On this appeal we must determine whether their agreement satisfies the statutory requirement that settlements be made in open court or in a signed, complete writing (*see* CPLR 2104). We conclude that the agreement, although undisputed, was never sufficiently reduced to writing, and was therefore unenforceable. We therefore affirm the Appellate Division order so holding.

## I.

On June 27, 1996, plaintiff Tanya Bonnette commenced this medical malpractice action on her own behalf and on behalf of her daughter, Majhan, against Long Island College Hospital, Dr. Richard Bergeron and three other defendants. After lengthy discovery, in December 1998, Bonnette reached an oral agreement with the hospital and Dr. Bergeron, to settle the case for $3,000,000 to be paid entirely by the hospital.[1] To finalize the agreement formally, the hospital required Bonnette to complete stipulations of discontinuance for both defendants, a stipulation of waiver for Dr. Bergeron and a general release, as well as to obtain an infant compromise order from the court. On February 29, 2000, the hospital sent the forms to Bonnette with a cover letter, saying, "enclosed are copies of closing documents required to effectuate [the] settlement."

Bonnette delayed returning the necessary forms to the hospital while she sought an appropriate annuity plan from the hospital's chosen annuity company. She also negotiated with the New York City Human Resources Administration which held liens against any award made to Majhan because of the City's payment for much of the child's medical expenses. After several months, Bonnette selected a payment plan with the hospital's annuity company. She also concluded arrangements with the City. On July 11, 2000, Bonnette mailed a stipulation of discontinuance in favor of Bergeron, who would have no responsibility to fund the settlement under the agreement between Bonnette and the hospital. Bonnette did not, however, complete a stipulation relating to the hospital.

Barely two weeks later, on July 25, 2000, the child died. Bonnette informed the hospital of her death. The hospital responded on December 11, 2000, tersely informing Bonnette that because the settlement had not been finalized as required by CPLR 2104, the hospital considered no settlement to exist.

Bonnette then moved to enforce the settlement in Supreme Court. Although the hospital conceded the terms of its understanding with Bonnette, it argued that no binding agreement was established because the settlement was never reduced to writing. Supreme Court disagreed, granted Bonnette's motion and issued an order to take effect upon Bonnette's completion

---

1. Bonnette concluded a separate settlement with other defendants in the sum of $950,000, an agreement that remains in force and is not part of the present dispute.

of the remaining forms, including the general release and stipulation of discontinuance, and upon execution of an infant compromise order. Bonnette promptly completed these requirements in compliance with the order.

The hospital appealed Supreme Court's enforcement of the settlement. The Appellate Division reversed, holding that Bonnette's failure to obtain any writing with the complete settlement terms or any recitation in open court of the settlement terms did not satisfy CPLR 2104 and precluded enforcement of the parties' agreement. An Appellate Division Justice dissented, and the Appellate Division granted leave to appeal to this Court. We affirm.

## II.

Our analysis begins with the language of the statute. CPLR 2104 states, in relevant part, "An agreement between parties or their attorneys relating to any matter in an action . . . is not binding upon a party unless it is in a writing subscribed by him or his attorney."[2] Bonnette makes three arguments in support of her contention that the settlement should be enforced. First, she asserts that the correspondence from the hospital forwarding the settlement papers constitutes a sufficient writing to bring the agreement within the scope of CPLR 2104. We reject this argument because the hospital's letters, although acknowledging the existence of an agreement, do not incorporate all the material terms of the settlement (*see Matter of Galasso*, 35 NY2d 319, 321 [1974] [refusing to enforce a settlement that, although proposed in open court, did not reflect a complete agreement as to all material terms]).

Next, Bonnette argues that even if the correspondence does not constitute full technical compliance with CPLR 2104, there was enough in writing to show substantial compliance with the statute. Lastly, Bonnette invokes equitable estoppel, arguing that the parties have partially performed the settlement terms and that, to her detriment, the hospital induced her to rely on it. If there are rare occasions when these doctrines can permit enforcement of a settlement agreement where the literal terms of CPLR 2104 are not satisfied (a question which we do not decide), this is not one of them.

---

2. The statute also provides for settlements entered into orally in open court, but that issue does not arise in the case at bar.

The plain language of the statute directs that the agreement itself must be in writing, signed by the party (or attorney) to be bound (CPLR 2104). As we remarked over a century ago,

> "[t]his rule is of somewhat ancient origin. It grew out of the frequent conflict between attorneys as to agreements made with reference to proceedings in actions, and was intended to relieve the courts from the constant determination of controverted questions of fact with reference to such proceedings" (*Mutual Life Ins. Co. of N.Y. v O'Donnell*, 146 NY 275, 279 [1895]).

To allow the enforcement of unrecorded oral settlements would invite an endless stream of collateral litigation over the settlement terms. This would run counter not only to the statute, which on its face admits of no exceptions, but also to the policy concerns of certainty, judicial economy, flexibility to conduct settlement negotiations without fear of being bound by preliminary offers and the prevention of fraud.

Furthermore, our State's strong policy promoting settlement (*see Hallock v State of New York*, 64 NY2d 224, 230 [1984]), repeatedly advanced by Bonnette as a reason to enforce the settlement here, actually convinces us that we cannot enforce the hospital's unwritten agreement with Bonnette. If settlements, once entered, are to be enforced with rigor and without a searching examination into their substance, it becomes all the more important that they be clear, final and the product of mutual accord. These concerns obviously lie at the heart of CPLR 2104, a neutral statute enacted to promote certainty in settlements, which benefits all litigants.

For all of these reasons, we hold that to be enforceable under CPLR 2104 an out-of-court settlement must be adequately described in a signed writing. Bonnette's settlement with the hospital did not meet that requirement. Accordingly, the order of the Appellate Division should be affirmed, with costs, and the certified question answered in the affirmative.

Chief Judge KAYE and Judges G.B. SMITH, CIPARICK, GRAFFEO, READ and R.S. SMITH concur.

Order affirmed, etc.