OPINION OF THE COURT
Memorandum.
Order, insofar as appealed from, reversed without costs, counterclaim reinstated, and plaintiffs motion for summary judgment, insofar as reviewed, denied.
In this action by plaintiff, defendants’ former tenant, for damages stemming from, among other things, defendants’ alleged breach of the warranty of habitability, plaintiff moved for summary judgment based upon a purported stipulation. Plaintiff alleged that the stipulation was entered into in settlement of a motion that it had made to preclude, that defendants’ then counsel had agreed to the terms of the stipulation in a telephone conversation, that the stipulation was subscribed by plaintiffs attorney on behalf of plaintiff and on behalf of defendants’ then counsel, and that plaintiffs attorney had then faxed a copy of the signed stipulation to defendants’ then counsel. The stipulation was to the effect that defendants would provide certain discovery materials within 45 days or be precluded from putting on a defense. Defendants’ then counsel, who was ill at the time of the telephone conversation that led to the purported stipulation and who withdrew from the case shortly thereafter, claimed, in his affidavit in opposition to plaintiffs motion, that he had no recollection of agreeing to the imposition of such severe sanctions. The court below, as pertinent hereto, granted plaintiffs motion for summary judgment to the extent of precluding defendants from presenting a defense at trial and striking defendants’ counterclaim, based upon the stipulation. (Plaintiff was also awarded summary judgment upon her claim for the return of her security deposit, but defendants do not appeal from that determination.)
In our view, the stipulation does not satisfy the requirements of CPLR 2104 and cannot be enforced. As relevant here, CPLR 2104 provides that an agreement “is not binding upon a party unless it is in a writing subscribed by him or his attorney.” The requirement that the agreement be in writing and signed by the party or his attorney grew out of the frequent conflict between attorneys as to agreements made with reference to proceedings and actions and was intended to relieve the courts from the constant determination of controverted questions of fact with *109 reference to such proceedings (Bonnette v Long Is. Coll. Hosp., 3 NY3d 281, 286 [2004]). The purpose of the statute would be defeated if one party or its attorney were permitted to subscribe a stipulation as agent for the adverse party pursuant to an alleged oral authorization (cf. Wilson v Lewiston Mill Co., 150 NY 314 [1896] [an agent for one party to a sale may not be the agent of the other party for purposes of the signature required by the statute of frauds]). It would have been a simple matter for plaintiffs attorney to fax the written agreement to defendants’ then attorney for his signature, rather than faxing it to him after he had signed it on behalf of defendants’ then attorney. In our view, the statute requires no less than this, if conflicts as to the terms of the agreement are to be avoided. Accordingly, we hold that the writing is of no force and effect.
We incidentally note that while a party will be precluded from invoking CPLR 2104 where it appears that an oral stipulation was made and that the adverse party relied on it (see e.g. Juseinoski v Board of Educ. of City of N.Y., 15 AD3d 353, 355 [2005]), there is at least a question of fact as to whether an oral agreement was ever made and, in any event, we find no circumstances here sufficient to warrant enforcement of the instant alleged oral agreement.
Rudolph, EJ., McCabe and Lippman, JJ., concur.