*601 OPINION OF THE COURT
Francois A. Rivera, J.
By order to show cause dated May 11, 2007, defendants Wilda Norgaisse, Alonzo Colbert, and Alex Cheure (hereinafter defendant movants)* jointly move this court pursuant to CPLR 5003-a for an order directing that plaintiff State Farm Mutual Automobile Insurance Company pay defendant, Wilda Norgaisse, the amount of $25,000 plus interest from September 29, 2005 in accordance with their stipulation of settlement. Plaintiff opposes the order to show cause.
On June 29, 2006, plaintiff commenced the instant action by filing a summons and verified complaint with the Kings County Clerk’s office (KCC). The complaint consists of 68 allegations of fact in support of four causes of action for declaratory judgment. Plaintiff alleges the defendants attempted to defraud plaintiff by staging an accident. As a result of the fraud, plaintiff alleges it is entitled to a declaration that its policy with defendant Marie Mirville is null and void and that it has no duty to provide coverage under the policy for any claims for personal injury, no-fault benefits, or uninsured motorist benefits made by or in behalf of any person or entity.
Defendants Wilda Norgaisse, Alonzo Colbert, and Alex Cheure joined issue by their verified answer, filed on May 11, 2007 with the KCC. The answer contained four affirmative defenses and no counterclaims.
Undisputed Facts
The following facts are undisputed. On or about September 26, 2004, State Farm issued a policy, No. 109 96060-c26-32, for a 1996 Hyundai Sonata to Marie Mirville, 28 Dewitt Place, No. 1, New Rochelle, New York, 10801; said policy affording minimum liability limits of $25,000/$50,000.
Said policy was purchased by State Farm’s insured, Marie Mirville, from a broker named John W Goon, 4512 Church Avenue, Brooklyn, New York, 11203. On November 9, 2004, approximately six weeks after the issuance of said policy, State Farm’s insured, Marie Mirville, while operating the insured *602 Hyundai, was involved in an automobile collision at Rogers Avenue and Linden Boulevard within the confines of the 67th Precinct in Kings County.
In relation to this collision, a claim was made against the aforesaid policy by Marie Mirville. Said claim lists injuries to the driver of the adverse vehicle, Barry Mamadou, and the claimants, Wilda Norgaisse, and Alonzo Colbert.
On or about September 29, 2005, a release was executed by the claimant Wilda Norgaisse and forwarded to State Farm the following day. Predicated upon this release and prior to the commencement of any action, State Farm issued a check, dated October 18, 2005, in the name of their insured, Marie Mirville, in connection with the underlying loss of November 9, 2004, payable to Wilda Norgaisse, in the amount of $25,000.
On or about October 20, 2005, State Farm stopped payment on the aforesaid check. State Farm alleges that after conducting an investigation, it believes the underlying accident was staged and that it is therefore entitled to disclaim coverage.
Defendants bring this order to show cause requesting that the court order State Farm to honor its settlement agreement and pay Wilda Norgaisse $25,000 plus interest retroactive to September 29, 2005, the date she executed the release.
Motion Papers
Defendant movants’ order to show cause consists of an affirmation of their counsel, Patrick J. McGrath, and seven annexed exhibits. Exhibit A is a New York City Police Department accident report (MV-104AN) of the November 9, 2004 collision. Exhibit B is a release signed by defendant Wilda Norgaisse, releasing and discharging codefendant Marie Mirville from all actions for personal injury related to the November 9, 2004 collision. Exhibit C is a check dated October 18, 2005 from State Farm to Wilda Norgaisse in the amount of $25,000. Exhibits D and E are the summons and complaint and verified answer in an earlier action brought by the movants against Marie Mirville in Kings County Supreme Court under index number 34455/05. Exhibits F and G are the summons, complaint and verified answer of the instant underlying action.
Plaintiffs affirmation in opposition consists of an affirmation of its counsel, Robert Schwerdt, and 13 annexed exhibits. Exhibit A is Marie Mirville’s policy declarations. Exhibit B is the same MV-104AN annexed in the movants’ paper as exhibit A. Exhibit C is State Farm’s auto claim service record of the *603 November 9, 2004 collision. Exhibit D is a copy of the same check annexed in the movants’ papers as exhibit C. Exhibits E and F are affidavits signed on March 24, 2006 from State Farm investigators Grace Peters and Maria Castaneda. Exhibit G is a letter, dated February 14, 2006, from Thomas Mansfield, an investigator for New York Automobile Insurance Plan (NYAIP) to Robert Murray, a coordinator for NYAIP Exhibit H is an Internet search result using the name Marie Mirville. Exhibit I is an Internet search result using the name Wilda Norgaisse. Exhibits J and K are MV-104ANs of automobile collisions that occurred on August 31, and October 16, 2004. Exhibit L is a letter, dated November 1, 2005, from Peter Crescenti, president of International Claims Service and Investigations, Inc. to Grace Peters, a State Farm investigator followed by a copy of the MV-104AN of the November 9, 2004 collision. Exhibit M is an MV-104AN of an automobile collision that occurred on December 14, 2004.
Defendant movants submitted an affirmation of their counsel in reply to plaintiffs opposition papers.
Law and Application
There are two specific statutes dealing with enforcement of agreements that should be analyzed in connection with the instant motion, namely, CPLR 2104 and 5003-a. In simple terms, defendant movants seek specific performance of a settlement agreement via the procedural vehicle of an order to show cause and the substantive law of CPLR 5003-a. Defendant movants’ counsel concedes the inapplicability of CPLR 2104 to their motion but argues that CPLR 5003-a does apply and may be extended to authorize the relief they seek.
CPLR 2104 provides as follows:
“An agreement between parties or their attorneys relating to any matter in an action, other than one made between counsel in open court, is not binding upon a party unless it is in a writing subscribed by him or his attorney or reduced to the form of an order and entered. With respect to stipulations of settlement and notwithstanding the form of the stipulation of settlement, the terms of such stipulation shall be filed by the defendant with the county clerk.”
The Court of Appeals has made a strong statement that the formalities of CPLR 2104 must be met as a prerequisite to *604 judicial enforcement of out-of-court stipulations of settlement (Bonnette v Long Is. Coll. Hosp., 3 NY3d 281 [2004]; see generally, Vincent C. Alexander, Practice Commentaries, McKinney’s Cons Laws of NY, Book 7B, CPLR C2104:2, at 761-764). Unless a stipulation of settlement complies with CPLR 2104, it is not enforceable as a stipulation. As both plaintiff and defendant movants have stated in their affidavits, there was no pending action at the time of the agreement to settle.
“CPLR 2104 refers to ‘parties’ and ‘matter[s] in an action’ . . . Before the actual service of a summons there is no action, and the disputants have not yet become parties to one. The CPLR itself is intended to ‘govern the procedure in civil judicial proceedings’ . . . Neither the CPLR in general nor section 2104 in particular have application to the conduct of prospective litigants before a proceeding commences” (Cohen v Coleman, 110 Misc 2d 419, 422 [Sup Ct, Queens County 1981]).
As previously mentioned, when State Farm issued a check to Wilda Norgaisse, they were not parties to any action. Defendant movants argue that notwithstanding the strict statutory language which limits applicability of CPLR 5003-a to actions already commenced, the force and intent of the statute is to promote prompt payment of settlement agreements. They contend that this impetus should be sufficient to authorize judicial enforcement of agreements made prior to commencement of an action.
CPLR 5003-a (a) states in relevant part:
“When an action to recover damages has been settled, any settling defendant . . . shall pay all sums due to any settling plaintiff within twenty-one days of tender, by the settling plaintiff to the settling defendant, of a duly executed release and a stipulation discontinuing action executed on behalf of the settling plaintiff.”
Before 1992, the law imposed no general time limit within which the sum agreed to in the settlement of an action had to be paid. Effective June 30 of 1992, CPLR 5003-a enacted a time limit (L 1992, ch 269). The consequence of not paying the stated amount of the settlement on time is that costs and disbursements will now be added to it, along with interest. If the settlement is substantial, the interest can quickly become so, too. Furthermore, the judgment may be entered with no further notice to the defendant. The purpose of CPLR 5003-a is to encour *605 age prompt payment of settlements by having defendants face not only the prospect of additional costs by their tardiness but also the entry of judgment against them without an opportunity to be heard (see generally David D. Siegel, Practice Commentaries, McKinney’s Cons Laws of NY, Book 7B, CPLR 5003-a, at 121-123).
The court, however, may not stray from the unequivocal statutory constraints expressed in CPLR 5003-a. The CPLR itself, and CPLR 5003-a in particular, applies to actions. It may not be invoked to seek judicial enforcement of an agreement made before an action commences. Therefore CPLR 5003-a and 2104 are inapposite to the instant motion for the exact same reason.
It is noted that the defendant movants did not plead a counterclaim alleging breach of the agreement or demanding specific performance of the agreement. In the absence of a cause of action for breach of contract seeking specific performance, defendant movants may lose the opportunity to ever obtain the remedy they seek. The court does not and will not deem the instant order to show cause to be a summary judgment motion pursuant to CPLR 3212. Defendant movants are not precluded from seeking leave of the court to amend their answer to include such a claim and then moving for summary judgment thereafter. However, judicial enforcement of the stipulation by the instant order to show cause is denied.

 Defendant movants’ counsel in the first paragraph of his affirmation states that he is the attorney for Wilda Norgaisse, Alonzo Colbert, and Alex Cheure. However, in the second paragraph he advises that these three defendants as well as Marie Mirville affirm through counsel their support of the motion. The court deems the inference that Marie Mirville is one of the movants to be an error and will disregard it pursuant to CPLR 2001.