11-1396-cv
Figueroa v. N.Y.C. Dep't of Sanitation

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 12th day of April, two thousand twelve.

Present:     CHESTER J. STRAUB,
             ROSEMARY S. POOLER,
                      *Circuit Judges*,
             EDWARD R. KORMAN,[1]
                      *District Judge*.

_____

MARILYN C. FIGUEROA,

                      *Plaintiff-Appellant*,

             v.                                    11-1396-cv

NEW YORK CITY DEPARTMENT OF SANITATION,
CITY OF NEW YORK,

                      *Defendants-Appellees*.

_____

For Appellant:          Daniel A. Eigerman, New York, N.Y.

For Appellees:          Julian L. Kalkstein & Larry A. Sonnenshein (of counsel), *for* Michael A. Cardozo, Corporation Counsel of the City of New York, New York, N.Y.

---

[1] The Honorable Edward R. Korman, United States District Judge for the Eastern District of New York, sitting by designation.

Appeal from an order of the United States District Court for the Southern District of New York (Koeltl, *J.*).

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the order of said District Court be and it hereby is **AFFIRMED**.

Marilyn C. Figueroa appeals from an order of the district court enforcing the terms of a settlement agreement that disposed of both federal and state law claims. We assume the parties' familiarity with the underlying facts of the case, the procedural history, and the issues raised on appeal.

"We review the district court's findings of law under a de novo standard, and its factual conclusions under a clearly erroneous standard of review." *Ciaramella v. Reader's Digest Ass'n, Inc.*, 131 F.3d 320, 322 (2d Cir. 1997).

As an initial matter, we conclude that Figueroa waived her argument "that the parties did not intend to be bound in the absence of an executed writing." Pl.-Appellant's Br. 23. Indeed, the district court below noted that "there is no dispute that the parties intended to be bound prior to executing a written agreement." *Figueroa v. City of N.Y.*, No. 05 Civ. 9594 (JGK), 2011 WL 309061, at *3 (S.D.N.Y. Feb. 1, 2011). And we see no reason to overlook the "well-established general rule that an appellate court will not consider an issue raised for the first time on appeal." *Greene v. United States*, 13 F.3d 577, 586 (2d Cir. 1994).

Furthermore, we note that the question of whether federal or state law controls the enforceability of a settlement agreement in this context is an open one. *See Ciaramella*, 131 F.3d at 322 n.1 ("[W]e need not address the issue whether [New York Civil Practice Rule] 2104 applies in federal cases or is consistent with federal policies favoring settlement."); *see also Massie v. Metro. Museum of Art*, 651 F. Supp. 2d 88, 92 (S.D.N.Y. 2009) (report and recommendation) ("The Second Circuit has left open the question of whether state or federal law controls the enforceability of oral settlement agreements, whether in federal-question or diversity cases.").

But we need not decide that question here. Even if we assume that New York State law controls the issue of whether the settlement agreement in this case was enforceable, the New York Court of Appeals has left open the possibility that in certain limited circumstances, a court may enforce a settlement agreement that does not comply with the requirements of Rule 2104. *See Bonnette v. Long Island Coll. Hosp.*, 3 N.Y.3d 281, 285 (2004) ("If there are rare occasions when [certain] doctrines can permit enforcement of a settlement agreement where the literal terms of CPLR 2104 are not satisfied (a question which we do not decide), this is not one of them.").

We conclude that the case before us presents one of those "rare occasions," *id.*, in which New York law permits the requirements of Rule 2104 to be overlooked. This case has a lengthy history. Indeed, more than five years ago, in September 2006, the district court filed a scheduling order making clear that "[t]he parties shall be ready for trial on 48 hours notice on or after [April 13, 2007]." Civil Scheduling Order at 1, *Figueroa v. City of N.Y.*, No. 05 Civ. 9594

2

(JGK) (S.D.N.Y. Sept. 15, 2006), ECF No. 6.

A trial, however, would never occur. The district court eventually "referred this case to Magistrate Judge Freeman for purposes of settlement." *Figueroa v. City of N.Y.*, No. 05 Civ. 9594 (JGK), 2011 WL 309061, at *1 (S.D.N.Y. Feb. 1, 2011). And "[i]n April 2009, counsel for the parties informed the Court that a settlement had been reached." *Id.* But any impression that the case might finally come to an end was short-lived. "On April 27, 2009, . . . the plaintiff sent a letter to the Court, indicating that she believed the settlement was unreasonable and unfair." *Id.* "By order dated December 3, 2009, the Court again referred this matter to Magistrate Judge Freeman for purposes of settlement." *Id.* at *2. Following "several settlement conferences," "the defendants requested leave to withdraw without prejudice their pending motion in limine, and the parties jointly requested until July 23, 2010, to conclude their settlement discussions." *Id.* Defendants argue that a binding settlement agreement between the parties was reached. And Figueroa's own attorney "advised the Court that the parties had settled the case." *Id.*

Given the particular circumstances of this case, we conclude that New York law does not require us to hold that the settlement agreement at issue in this case is unenforceable merely because Rule 2104's requirements have not been met. Indeed, equity demands that the settlement agreement here be enforced notwithstanding any violation of Rule 2104.

Accordingly, the order of the district court is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

3