In a child support proceeding pursuant to Family Court Act article 4, the mother appeals from an order of the Family Court, Nassau County (Greenberg, J.), dated December 21, 2011, which denied her objections to so much of an order of the same court (Dwyer, S.M.), dated October 17, 2011, as, in effect, denied that branch of her petition which was to enforce so much of a stipulation between the parties as related to summer camp expenses.
Ordered that the order dated December 21, 2011, is affirmed, without costs or disbursements.
Absent the formalities required by statute, a stipulation of settlement is not enforceable (see CPLR 2104; Matter of Hicks v Schoetz, 261 AD2d 944, 944 [1999]). Pursuant to CPLR 2104, “[a]n agreement between parties or their attorneys relating to any matter in an action, other than one made between counsel in open court, is not binding upon a party unless it is in a writing subscribed by him or his attorney or reduced to the form of an order and entered” (CPLR 2104). The stipulation must be “definite and complete” (Town of Warwick v Black Bear Campgrounds, 95 AD3d 1002, 1003 [2012]; see Matter of Dolgin Eldert Corp., 31 NY2d 1, 8-9 [1972]), and all material terms must be presented (see Bonnette v Long Is. Coll. Hosp., 3 NY3d 281, 283 [2004]).
Here, the stipulation contains so many factual errors, ambiguities, cross-outs, and handwritten alterations which were never initialed by the parties, that it cannot be said to be definite and complete (see CPLR 2104; Bonnette v Long Is. Coll. Hosp., 3 NY3d at 283). The Family Court therefore properly denied the mother’s objections. Dillon, J.E, Balkin, Austin and Cohen, JJ., concur.