PERRY BLANCHARD, as Guardian ad Litem of KATHRYN LEIGH BULLIS, an Infant, Appellant, v FRANK T. SULTAN JR., Respondent. [977 NYS2d 99]—

Peters, P.J. Appeal from an order of the Supreme Court (Reilly Jr., J.), entered September 15, 2012 in Schenectady County, which granted defendant's motion to enforce an agreement between the parties.

In December 2005, nine-year-old Kathryn Leigh Bullis suffered severe injuries when the vehicle driven by defendant crossed into the oncoming lane of traffic and collided with the vehicle in which Bullis was a passenger. Thereafter, this personal injury action was commenced by Bullis's guardian ad litem. Prior to the commencement of trial, plaintiff's counsel proposed an agreement pursuant to which plaintiff would not seek an excess verdict over and above defendant's $100,000 insurance policy limit if defendant did not oppose plaintiff's motion for a directed verdict at the close of proof.

The case proceeded to trial and, at the close of proof, plaintiff moved for a directed verdict. In response to the motion, defense counsel stated: "I will rely on the court's perception and understanding of the facts to render a decision. However, I will put on the record [that plaintiff's counsel] and I have discussed this matter. As far as any damages, obviously this is a liability only trial, but in the future [plaintiff's counsel] has agreed that he will not seek a verdict in excess of [defendant's] policy limits. Therefore, I'm taking the position that I rely on the court's judgment and discretion in response to [plaintiff's] application." Plaintiff's counsel then confirmed the terms of the agreement and, although indicating some concern with defense counsel's choice of words, stated, "I certainly intend to abide by the agreement I made with [defense counsel]."

Having second thoughts once Supreme Court adjourned the matter to consider the motion, plaintiff's counsel faxed a letter to the court stating that the parties had an agreement, alleging

that defense counsel breached that agreement and stating that plaintiff was withdrawing his motion for a directed verdict. When the trial reconvened the following day, Supreme Court inquired about the previous day's fax and plaintiff's counsel indicated that he had been disappointed with defense counsel's response, but nevertheless renewed the motion for a directed verdict, which the court granted.

Subsequently, defendant moved pursuant to CPLR 2104 to enforce the parties' agreement. Finding that the agreement was clearly stated in open court and that defendant had not breached it, Supreme Court granted the motion, directed plaintiff to provide a release and stipulation of discontinuance of the action, and directed defendant, upon receipt, to pay plaintiff the full policy limit. Plaintiff now appeals.

We affirm. Stipulations, particularly those entered into in open court, are highly favored because they promote judicial economy and provide litigants with predictability and, as such, they will not be set aside absent sufficient cause such as a showing of fraud, collusion, mistake or accident (*see Liquori v Liquori*, 106 AD3d 1249, 1250 [2013]; *Matter of McLaughlin*, 97 AD3d 1051, 1052 [2012]). To be enforceable, an open court stipulation must contain all of the material terms and evince a clear mutual accord between the parties (*see* CPLR 2104; *Bonnette v Long Is. Coll. Hosp.*, 3 NY3d 281, 286 [2004]; *Matter of Feltman v Feltman*, 100 AD3d 753, 753 [2012]; *Adsit v Wal-Mart Stores, Inc.*, 79 AD3d 1168, 1169 [2010]; *Palmo v Straub*, 45 AD3d 1090, 1092 [2007]).

Here, the parties' stipulated agreement was placed on the record in open court. Counsel for both parties outlined the essential terms of the agreement, with plaintiff's counsel stating unequivocally that "we did have an agreement" and that "[he] certainly intend[s] to abide by the agreement." The existence of an agreement was further confirmed by the fax that plaintiff's attorney sent to Supreme Court later that day. Plaintiff's contention that no agreement was reached because the parties' interpretation of the terms was "vastly different" is clearly without merit, given that the parties recited identical terms on the record.

Nor are we convinced that defense counsel breached the agreement, which simply called for defendant not to oppose plaintiff's motion. As Supreme Court observed—and plaintiff does not dispute—defendant made no legal or factual arguments, offered no evidence and did not otherwise indicate any resistance to the motion for a directed verdict. Furthermore, there is no basis to conclude that defense counsel's comment in

response to plaintiff's motion constituted a violation of the duty of good faith and fair dealing implied in their agreement (*see Dalton v Educational Testing Serv.*, 87 NY2d 384, 389 [1995]). Accordingly, Supreme Court properly granted defendant's motion to enforce the terms of the parties' stipulated agreement.

Plaintiff's remaining arguments have been examined and determined to be without merit.

Stein, McCarthy and Spain, JJ., concur. Ordered that the order is affirmed, with costs.