Birches At Schoharie, L.P. v Schoharie Senior Gen. Partner LLC (2019 NY Slip Op 01277)





Birches At Schoharie, L.P. v Schoharie Senior Gen. Partner LLC


2019 NY Slip Op 01277


Decided on February 21, 2019


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: February 21, 2019

526549

[*1]BIRCHES AT SCHOHARIE, L.P., et al., Appellants,
v
SCHOHARIE SENIOR GENERAL PARTNER LLC, Respondent.

Calendar Date: January 14, 2019

Before: Garry, P.J., Egan Jr., Lynch, Clark and Pritzker, JJ.


Harris Beach PLLC, Albany (Elliot A. Hallak of counsel), and Holland & Knight, LLP, New York City, for appellants.
Powers & Santola, LLP, Albany (Michael J. Hutter of counsel), and Cooper Erving & Savage LLP, Albany, for respondent.



MEMORANDUM AND ORDER
Lynch, J.
Appeal from an amended order of the Supreme Court (Gilpatric, J.), entered April 10, 2018 in Ulster County, which denied plaintiffs' motion to enter judgment in accordance with the parties' settlement.
This case arises out of a partnership dispute involving the construction of an affordable senior housing community called Birches at Schoharie (hereinafter the project). The project is owned by plaintiff Birches at Schoharie, L.P. (hereinafter the partnership). The partnership includes defendant, as the initial managing partner, plaintiff Banc of America CDC Special Holding Company, Inc. (hereinafter SHC), as a special limited partner, Schoharie Housing Corporation as a general partner, and Bank of America, N.A. as the investor limited partner. Defendant operates through its manager, Steve Aaron.
In May 2014, the partnership and SHC commenced this action against defendant in Ulster County seeking, in part, to have SHC take over as controlling managing partner. On October 19, 2017, the parties placed a settlement on the record in open court requiring Aaron to pay Bank of America, N.A. $675,000 in two equal installments of $377,500. The first payment was due November 8, 2017 and the second by November 30, 2017. In turn, SHC and Bank of [*2]America, N.A., in its sole capacity as investor limited partner, agreed to transfer their partnership interest to defendant or an affiliate of its choice. Defendant agreed to indemnify and hold harmless Bank of America, N.A. in its capacity as an investor limited partner. Defendant also acknowledged that time was of the essence as to the payments and agreed to provide a confession of judgment for any failed payment. The settlement required a "full release of all claims which were raised or could have been raised" in the action. It excluded any claims related to a separate mortgage foreclosure action pending in Schoharie County that Bank of America, N.A. — which was not a party to this action — commenced against defendant. Plaintiffs agreed to prepare the assignment documents and to cooperate in confirming with the Secretary of State that defendant remained as managing partner. Finally, the settlement provided that the action would be dismissed as of October 19, 2017, "subject to the [c]ourt's retention of jurisdiction to enforce the terms of the settlement that [was being placed] on the record today." Plaintiffs' counsel concluded the terms by stating, "The parties have also agreed that this court record and settlement today is a binding settlement agreement between the parties."
In response, Supreme Court stated as follows: "It is my understanding that you are going to reduce all of this to more specific writing. However, this will be so ordered and will be binding as though it has been reduced to a formal writing. This formal writing and this record will be all part of the settlement." Plaintiffs' counsel, in turn, simply asked to have the parties confirm that they understood and agreed to be bound by the settlement. Plaintiffs' representative and Aaron so confirmed their agreement. Notably, defendant's counsel acknowledged that the settlement did not include the Schoharie County foreclosure action but requested the court's assistance going forward to encourage a global settlement. After the parties agreed to keep the specific dollar amount of the settlement confidential, the court agreed to "so order a copy of the original transcript subject to the formal writing, but just so that everybody can enforce their rights."
When Aaron failed to make the first payment, plaintiffs moved for an order entering judgment in accord with the October 19, 2017 record stipulation. Finding that the parties could not agree on the release language, Supreme Court, by order dated April 5, 2018, directed defendant to pay the full settlement amount of $675,000 into court by May 11, 2018, directed the parties to provide executed releases by that time and, failing same, advised that the court would entertain a further motion for judgment [FN1]. Further, the court declined to "so order" the transcript of the October 19, 2017 proceeding. Plaintiffs appeal.
The threshold question presented is whether the parties reached a binding settlement. A stipulation of settlement placed on the record by counsel in open court is binding, all the more so when, as here, the parties contemporaneously confirm their acceptance on the record (see CPLR 2104; McCoy v Feinman, 99 NY2d 295, 302 [2002]; Hallock v State of New York, 64 NY2d 224, 230 [1984]). "To be enforceable, an open court stipulation must contain all of the material terms and evince a clear mutual accord between the parties" (Blanchard v Sultan, 111 AD3d 1202, 1203 [2013] [citations omitted]). As a matter of policy, stipulations of settlement are encouraged to promote judicial economy and to "provide litigants with predictability and assurance that courts will honor their prior agreements" (McCoy v Feinman, 99 NY2d at 302). The nuance here concerns the additional component of a more specific writing to follow the open court settlement, as interjected by the court without objection by counsel. Following the [*3]October 19, 2017 appearance, plaintiffs forwarded a draft written settlement to defendant [FN2]. While acknowledging that it was prepared to finalize the settlement agreement, defendant raised concerns about the scope of the indemnification language and a provision requiring defendant "to make tax-related representations." The agreement was not signed and the subject motion ensued.
The parties acknowledge that they agreed to memorialize the record stipulation in a written agreement and, at the same time, agree that the record stipulation is binding. Although defendant has professed an intent to finalize the settlement once certain language issues as to the release and indemnification are resolved, it is significant that defendant does not contend that there are any necessary material terms not included in the oral stipulation (compare Weksler v Weksler, 163 AD3d 432, 432 [2018]). As recounted above, it bears emphasis that the scope of both the required release and indemnification are in fact outlined in the oral stipulation. In our view, defendant's language concerns present an implementation issue that the parties expressly accounted for in the record stipulation by having Supreme Court retain jurisdiction. Given the above, we conclude that the record stipulation constitutes a binding settlement, notwithstanding the parties' dispute over finalizing the written agreement. It follows that the court erred in declining to "so order" the transcript, and, given defendant's default in payment, by denying plaintiffs' motion for judgment.
Garry, P.J., Egan Jr., Clark and Pritzker, JJ., concur.
ORDERED that the amended order is reversed, on the law, with costs, and motion granted.



Footnotes

Footnote 1: Counsel confirmed at oral argument that the payment has not been made.

Footnote 2: We note that the record does not include the drafts of the written settlement exchanged by the parties.