Matter of Joan HH. v Maria II. (2019 NY Slip Op 05737)





Matter of Joan HH. v Maria II.


2019 NY Slip Op 05737


Decided on July 18, 2019


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: July 18, 2019

527292

[*1]In the Matter of JOAN HH., Respondent,
v
MARIA II., Appellant.

Calendar Date: May 31, 2019

Before: Garry, P.J., Egan Jr., Lynch, Mulvey and Pritzker, JJ.


Lisa K. Miller, McGraw, for appellant.
Gallo & Iacovangelo, LLP, Rochester (Seema Ali Rizzo of counsel), for respondent.
Natalie Miner, Homer, attorney for the child.



MEMORANDUM AND ORDER
Lynch, J.
Appeal from an order of the Family Court of Cortland County (Alexander, J.), entered July 16, 2018, which, in a proceeding pursuant to Family Ct Act article 6, resettled a prior order of custody and visitation.
Respondent (hereinafter the mother) is the mother and petitioner (hereinafter the grandmother) is the paternal grandmother of the subject child (born in 2009). The child's father passed away in September 2016. In November 2016, the grandmother filed a petition in Cortland County seeking legal and physical custody of the child, raising mental health and substance abuse issues about the mother. After multiple court appearances during which no testimony was taken, the parties entered into a stipulation on the record in September 2017, designating the mother as the child's sole custodian and according the grandmother extensive visitation. It was further agreed that the mother, who had since relocated to Monroe County, would be placed on probation for a period of one year commencing September 21, 2017, subject to the terms and conditions of a probation order, which was entered on September 27, 2017. An order upon stipulation was thereafter entered by Family Court (Ames, J.) in December 2017, setting forth the September 2017 custody and visitation terms, as well as incorporating by reference the probation order.
In the meantime, the Cortland County Probation Department informed Family Court that the Monroe County Probation Department declined to accept a transfer of the case because it did not supervise custody cases. With this development, the Cortland County Probation Department requested that the court rescind the probation requirement. In response, Family Court (Alexander, J.)[FN1] held three conferences with the parties to explore how to resolve the fact that probation was no longer available. The parties took divergent positions, with the [*2]grandmother and the attorney for the child asserting that the mother should be required to undergo independent substance abuse and mental health evaluations to fulfill the probation component of the original stipulation. By comparison, the mother, who was receiving treatment through a psychiatrist, maintained that the original probation requirement pertained to ongoing monitoring to assure that she was addressing her mental health concerns and not using drugs.
With this impasse, Family Court issued a resettled "[o]rder upon [s]tipulation," which, after setting forth, among other things, the specific custody and visitation provisions, terminated the probation provision and substituted a directive that the mother "submit to an open drug and alcohol evaluation and mental health evaluation" through an independent provider and comply with any recommended treatment. The resettled order also directed the mother to provide a HIPAA release to the grandmother, the attorney for the child and the court to authorize access to substance abuse and mental health treatment records. The mother appeals.
There is no dispute that probation was a material term of the initial order upon stipulation entered in December 2017. With probation no longer an option, the question presented is whether Family Court was authorized to resettle that order by substituting the evaluation and treatment requirements to implement the parties' original intent. "Resettlement of an order is a procedure designed solely to correct errors or omissions as to form or for clarification. It may not be used to effect a substantive change in or to amplify the prior decision of the court" (Foley v Roche, 68 AD2d 558, 566 [1979]; see CPLR 2221).
Upon our record review, we conclude that Family Court's resettled order does "effect a substantive change" and was beyond the court's authority to issue. The underlying petition included serious substance abuse and mental health allegations, but at no point was any actual testimony taken. These concerns were discussed during the stipulation colloquy before Family Court (Ames, J.), but the court ultimately determined to place the mother on probation subject to standard terms and conditions that did not impose independent evaluation requirements. In addition, the court was not authorized to defer to the probation department the decision as to whether the mother should undergo a substance abuse and/or mental health evaluation (see Matter of Holland v Holland, 92 AD3d 1096, 1096-1097 [2012]). The plain fact of the matter is that the colloquy resulting in the oral stipulation was not definitive on the evaluation issue. "To be enforceable, an open court stipulation must contain all of the material terms and evince a clear mutual accord between the parties" (Blanchard v Sultan, 111 AD3d 1202, 1203 [2013] [citations omitted]). Although we are mindful of the court's authority to require a party to undergo an evaluation, the resettled order was issued as a consent order, not as an express directive under Family Ct Act § 251. Given the absence of any record testimony, the resettled order cannot stand.
Garry, P.J., Egan Jr., Mulvey and Pritzker, JJ., concur.
ORDERED that the order is reversed, on the law, without costs and matter remitted to the Family Court of Cortland County for further proceedings not inconsistent with this Court's decision.



Footnotes

Footnote 1: Judge Ames retired effective December 31, 2017.