Rawald v Dormitory Auth. of the State of N.Y. (2021 NY Slip Op 06109)





Rawald v Dormitory Auth. of the State of N.Y.


2021 NY Slip Op 06109


Decided on November 09, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: November 09, 2021

Before: Renwick, J.P., Singh, Kennedy, Rodriguez, Pitt, JJ. 


Index No. 112121/11 Appeal No. 14600 Case No. 2021-00938 

[*1]Ronald Rawald, et al., Plaintiffs-Appellants,
v
Dormitory Authority of the State of New York, et al., Defendants, Sea Crest Construction Corp., et al., Defendants-Respondents.


O'Dwyer & Bernstien, LLP, New York (Steven Aripotch of counsel), for appellants.
Perry, Van Etten, Rozanski & Kutner, LLP, Melville (Joseph K. Strang of counsel), for respondents.



Order, Supreme Court, New York County (Gerald Lebovits, J.), entered on or about February 18, 2021, which denied plaintiffs' motion to enforce a settlement agreement, unanimously reversed, on the law, without costs, and the motion granted.
This appeal arises out of an alleged agreement by which plaintiffs' counsel and counsel for defendants Sea Crest Construction Corp. and Peter Scalamandre & Sons, Inc. (together, Sea Crest) agreed to settle the underlying personal injury action for $275,000. The settlement agreement was stated in an email communication in which plaintiffs' counsel stated, "This is to confirm settlement in the sum of $275,000. Please send release language and parties to be released." Later that day, plaintiffs' counsel sent a follow-up email, stating, "Please confirm we are settled." Sea Crest's counsel responded, "Confirmed. I'll have release information to you ASAP." However, shortly after the parties agreed to settle plaintiffs' clams, they learned that the summary judgment motions filed by all defendants in the action had been granted and the action had been dismissed. Sea Crest then disavowed the settlement. Plaintiffs sought enforcement of the settlement agreement, and Supreme Court denied that relief, finding that the settlement agreement did not contain all material terms of the settlement and had not been subscribed for purposes of CPLR 2104.
Plaintiffs established prima facie that the parties had an enforceable settlement agreement by submitting emails from Sea Crest's counsel agreeing to the settlement (see Bonnette v Long Is. Coll. Hosp., 3 NY3d 281, 286 [2004]). The emails, which reduced the settlement to a writing in accordance with CPLR 2104, were "subscribed" within the meaning of the statute, as the sender was identifiable and there was no contention that Sea Crest's counsel did not send any of the emails intentionally (see Matter of Philadelphia Ins. Indem. Co. v. Kendall, 197 AD3d 75, 80 [1st Dept 2021]).
The emails also contained all material terms, since the sole issue was how much plaintiffs would accept in settlement of their claim (id. at 81). Indeed, in emails leading up to the settlement, Sea Crest's counsel had stated that the other defendants were not interested in negotiating a settlement before Supreme Court's decision on the summary judgment motions, and that she had authority to settle the action on Sea Crest's behalf regardless of whether she later received contribution from the other defendants.
In opposition, Sea Crest did not submit evidence supporting its arguments that
the agreement was not properly subscribed, or lacked material terms sufficient to constitute an enforceable agreement.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: November 9, 2021