Garlow v Cunningham (2025 NY Slip Op 02681)

Garlow v Cunningham

2025 NY Slip Op 02681

Decided on May 2, 2025

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on May 2, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: LINDLEY, J.P., CURRAN, GREENWOOD, AND OGDEN, JJ.

213 CA 24-01167

[*1]BRADLEY J. GARLOW, PLAINTIFF-RESPONDENT,
v
SEAN G. CUNNINGHAM, DEFENDANT-APPELLANT. 

LEWIS BRISBOIS BISGAARD & SMITH, LLP, NEW YORK CITY (NICHOLAS HURZELER OF COUNSEL), FOR DEFENDANT-APPELLANT.
LIPSITZ GREEN SCIME CAMBRIA LLP, BUFFALO (JOHN A. COLLINS OF COUNSEL), FOR PLAINTIFF-RESPONDENT. 

 Appeal from an order of the Supreme Court, Erie County (Paula L. Feroleto, J.), entered April 26, 2024. The order denied the motion of defendant pursuant to CPLR 2104. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: In this negligence action arising from a collision between a motorcycle operated by plaintiff and a vehicle operated by defendant, defendant appeals from an order denying his motion to enforce a purported settlement agreement pursuant to CPLR 2104 and discontinue the action with prejudice. As a result of the accident, plaintiff sustained personal injuries and his motorcycle was damaged. Defendant's insurance carrier offered to settle both the personal injury claim and the property damage claim for $100,000. Consistent with that offer, an adjuster from the insurer sent a proposed release to plaintiff. Upon advice of counsel, plaintiff signed the release but deleted all language referencing his property damage claim and inserted the clause "other than property damage." In other words, the release signed by plaintiff and returned to defendant's carrier was limited to his personal injury claim. When she received the modified release, the adjuster called plaintiff's attorney and rejected it. Several months later, the parties settled the property damage claim for $7,163.63, and the carrier sent plaintiff a check in that amount.
The adjuster subsequently sent plaintiff another release in the amount of $100,000, but plaintiff refused to sign that release or a stipulation of discontinuance. Defendant thereafter moved for an order enforcing the purported "settlement," contending that the modified release signed by plaintiff constituted a stipulation under CPLR 2104. Supreme Court denied the motion and we now affirm.
CPLR 2104 provides that "[a]n agreement between parties or their attorneys relating to any matter in an action, other than one made between counsel in open court, is not binding upon a party unless it is in a writing subscribed by him or his attorney or reduced to the form of an order and entered. With respect to stipulations of settlement and notwithstanding the form of the stipulation of settlement, the terms of such stipulation shall be filed by the defendant with the county clerk." "[T]o be enforceable under CPLR 2104 an out-of-court settlement must be adequately described in a signed writing" (Bonnette v Long Is. Coll. Hosp., 3 NY3d 281, 286 [2004]) and should reflect a complete agreement as to "all the material terms of the settlement" (id. at 285; see Velazquez v St. Barnabas Hosp., 13 NY3d 894, 895 [2009]).
Here, defendant failed to establish that the modified release signed by plaintiff constitutes an enforceable stipulation of settlement. The modified release amounted to a counteroffer from plaintiff to settle the personal injury claim alone for $100,000, and that counteroffer was expressly rejected by defendant's insurer (cf. Herz v Transamerica Life Ins. Co., 172 AD3d 1336, [*2]1338 [2d Dept 2019]; Gaglia v Nash, 8 AD3d 992, 993 [4th Dept 2004]). As the court determined, at no time was there a meeting of the minds between the parties with respect to settlement of the personal injury claim. When plaintiff initially was willing to accept $100,000 for his injuries, defendant insisted that the $100,000 settlement encompassed the property damage claim as well. By the time defendant's insurer was willing to settle the personal injury claim alone for $100,000 (having already paid plaintiff for his property damage), plaintiff had changed his mind and no longer wished to accept $100,000 for his injuries. Under the circumstances, the court properly determined that there was no writing signed by both parties reflecting an agreement on all material terms (see generally Velazquez, 13 NY3d at 895).
Entered: May 2, 2025
Ann Dillon Flynn
Clerk of the Court