■ J.P. ENDEAVORS, Doing Business as ALTERNATE SOLUTIONS, Appellant, v TONY DUSHAJ et al., Respondents, et al., Defendant. [778 NYS2d 531]—

In an action, inter alia, to recover damages for breach of contract, the plaintiff appeals, as limited by its brief, from so much of a judgment of the Supreme Court, Nassau County (Cozzens, J.), dated January 27, 2003, as, after a nonjury trial, dismissed the complaint insofar as asserted against the defendants Tony Dushaj and Montenegro Restaurant Corp.

Ordered that the judgment is reversed insofar as appealed from, on the law and the facts, with costs, the plaintiff is awarded judgment as a matter of law on the issue of liability against the defendants Tony Dushaj and Montenegro Restaurant Corp., and the matter is remitted to the Supreme Court, Nassau County, for a trial on the issue of damages.

In April 2000 the defendant Tony Dushaj signed a brokerage agreement with the plaintiff, a business broker, which provided that the "seller" of a restaurant named Tre Scalini agreed to permit the plaintiff to show the restaurant for sale and to pay the plaintiff a fee of 10% of the gross sales price or the sum of $10,000, whichever was greater, payable upon the buyer taking physical possession of the restaurant. The brokerage agreement listed the owner of the restaurant as Tony Dushaj. The actual owner was Montenegro Restaurant Corp. (hereinafter Montenegro), of which Tony Dushaj was president.

On October 5, 2000, Montenegro Restaurant Corp. sold the restaurant to C & M Restaurant, Inc. (hereinafter C & M), for $90,000. The sales agreement acknowledged that there was a brokerage commission due to the plaintiff, but stated that the commission was $6,500, $3,250 to be paid by the buyer and $3,250 to be paid by the seller. The president of C & M, Tom Lano, had also agreed to pay the plaintiff a commission of 10% of the purchase price or $8,500, whichever was greater, plus an attorney's fee, pursuant to a separate agreement.

In June 2001 the plaintiff commenced the instant action against Tony Dushaj and Tom Lano to recover the brokerage commission. In its complaint, the plaintiff alleged that the defendants were jointly and severally liable for its commission, which amounted to 10% of the purchase price.

At a nonjury trial the plaintiff's president testified that he introduced Lano to Dushaj as a prospective purchaser. The defendant Dushaj testified that the plaintiff was paid. However, he was unable to produce a cancelled check or any other documentary proof of payment.

Dushaj testified that he did not sign the agreement with the plaintiff in his capacity as president of Montenegro. He claimed

that the plaintiff never asked who the owner of the restaurant was and assumed that Dushaj was the owner.

At the conclusion of the trial, the Supreme Court granted the plaintiff's motion for leave to add Montenegro as a party defendant and dismissed the action against it on the ground that the agreement between the plaintiff and Dushaj did not bind "the actual owner of the restaurant to any fee." The Supreme Court also dismissed the action against Dushaj. Thereafter, Lano and the plaintiff entered into a stipulation of settlement of the action, which is not contained in the record on this appeal.

Since Tony Dushaj was president of Montenegro, and hired the plaintiff to sell the restaurant owned by his corporation, he was acting on behalf of Montenegro, which was an undisclosed principal. The general rule is that the agent for an undisclosed principal is liable on any contracts that he or she made on behalf of the principal (*see Ell Dee Clothing Co. v Marsh*, 247 NY 392 [1928]; *Ardwin v Englert*, 81 AD2d 960 [1981], *affd* 56 NY2d 936 [1982]; *Rafner v Toplis & Harding*, 25 AD2d 826 [1966]). Since Tony Dushaj entered into the contract in question he is liable either as a principal or as an agent for the undisclosed principal (*see Ardwin v Englert, supra*).

The general rule is that the undisclosed principal is also "bound by contracts . . . on his [or her] account by an agent acting within his [or her] authority" (Restatement [Second] of Agency § 186). Further, CPLR 3002 (b) provides that "[w]here causes of action exist against an agent and his [or her] undisclosed principal, the commencement or maintenance, after disclosure of the principal, of an action against either, or the recovery of a judgment against either which is unsatisfied, shall not be deemed an election of remedies which bars an action against the other."

Accordingly, both Dushaj and Montenegro are liable for the brokerage commission due and owing to the plaintiff. The defense of payment was unsubstantiated at the trial.

The plaintiff asserted in its complaint that the buyer was jointly and severally liable for the commission. The plaintiff settled its claims against the buyer, the terms of which are not contained in the record on appeal. The amount due and owing from Dushaj and Montenegro must be determined in relation to the terms of the settlement (*see* General Obligations Law §§ 15-103, 15-104, 15-105).

Accordingly, we reverse the judgment insofar as appealed from, award the plaintiff judgment as a matter of law against the respondents on the issue of liability, and remit the matter to the Supreme Court, Nassau County, for a trial on the issue of

damages. H. Miller, J.P., Goldstein, Luciano and Spolzino, JJ., concur.