■ MENDEL BREUER, Respondent-Appellant, v MICHAEL FEDER et al., Defendants and Third-Party Plaintiffs-Appellants-Respondents, et al., Defendant and Third-Party Plaintiff. MOSES SCHNITZLER, Third-Party Defendant-Respondent. [813 NYS2d 148]—

In an action, inter alia, to recover damages for breach of contract, (1) the defendants-third-party plaintiffs Michael Feder, Joseph Feder, Feder Automotive Services, Inc., doing business as Feder's Auto Sales & Service, and MSJS Realty Corp., appeal, as limited by their brief, from so much of an order and judgment (one paper) of the Supreme Court, Orange County (McGuirk, J.), dated July 19, 2004, as denied their motion for summary judgment and their separate motion to vacate the note of issue, and granted the separate cross motions of the plaintiff and the third-party defendant for summary judgment, and (2) the plaintiff cross-appeals from so much of the order and judgment as failed to award him statutory interest.

Ordered that the order and judgment is affirmed insofar as appealed and cross-appealed from, with one bill of costs payable to the plaintiff and the third-party defendant.

The Supreme Court properly determined that the "Letter of Understanding" entered into by the parties was an unenforceable agreement to agree since it omitted essential terms and it contemplated more complete and formal agreements (see Frankel v Ford Leasing Dev. Co., 7 AD3d 757 [2004]).

The plaintiff was not entitled to prejudgment statutory interest on his deposit, but only interest actually earned while held in escrow and thereafter deposited with the Orange County Commissioner of Finance.

The parties' remaining contentions are without merit. Crane, J.P., Rivera, Fisher and Dillon, JJ., concur.