738

■ JOHN W. EASTMAN et al., Respondents, v DUANE STEIN-
HOFF et al., Appellants. MARIA OSTERMAN et al., Intervenors-
Respondents. [852 NYS2d 396]—

In an action, inter alia, pursuant to RPAPL article 15 to
determine the rights of the parties to certain real property, the
defendants appeal, as limited by their brief, from so much of an
order of the Supreme Court, Queens County (Schulman, J.),
dated September 8, 2006, as denied that branch of their motion
which was pursuant to CPLR 2104 to enforce a settlement
agreement.

Ordered that the order is reversed insofar as appealed from,
on the law and the facts, with costs, and that branch of the
defendants' motion which was pursuant to CPLR 2104 to
enforce the settlement agreement is granted.

In February 2003 the plaintiff John W. Eastman commenced
this action against the defendants Duane Steinhoff and Laura
Steinhoff, inter alia, to determine a claim to real property pur-
suant to RPAPL article 15. The parties disputed a certain
boundary line between their neighboring properties. The
defendants appeared and answered and, following the comple-
tion of discovery, Eastman filed a note of issue and a certificate
of readiness on April 29, 2004. In or about January 2005 East-
man and the defendants reached an agreement to settle the liti-
gation wherein the defendants would pay Eastman the sum of
$5,000, a new survey would be performed of the property in
question, and, based upon the new survey, a boundary line
agreement would be drafted.

The new survey was subsequently conducted by the firm of
Kulhanek and Plan and the boundary line agreement was
drafted. However, unbeknownst to the defendants, Eastman
had previously conveyed fee title of the disputed area to the
intervenor Maria Osterman by deed dated September 30, 2004.
Concurrent with the transfer of title, Eastman and Osterman
executed a written escrow agreement which authorized East-

man to "resolve" the "boundary line litigation regardless of the outcome." The escrow agreement expressly provided that the successors and assigns of Osterman were also bound by such agreement.

Despite the terms of the written escrow agreement, Osterman refused to execute the boundary line agreement Eastman negotiated and accepted on her behalf to settle the action. In the order appealed from, the Supreme Court, among other things, denied that branch of the defendants' motion which was to enforce the settlement agreement. We reverse the order insofar as appealed from.

To be enforceable, stipulations of settlement must conform to the requirements of CPLR 2104 (see Starr v Rogers, 44 AD3d 646 [2007]; DeVita v Macy's E., Inc., 36 AD3d 751 [2007]; Marpe v Dolmetsch, 256 AD2d 914 [1998]). Pursuant to CPLR 2104, a stipulation of settlement is not enforceable unless it is made in open court and entered, or contained in a writing subscribed by the parties or their attorneys (see Bonnette v Long Is. Coll. Hosp., 3 NY3d 281, 285 [2004]; Starr v Rogers, 44 AD3d 646 [2007]).

Here, the record contains writings subscribed by the attorneys for both Eastman and the defendants agreeing to settle the action. These writings satisfy the requirements of CPLR 2104 and demonstrate that the settlement incorporates the terms and conditions of the boundary line agreement and an instrument survey conducted by Kulhanek and Plan dated August 15, 2005 (see Bonnette v Long Is. Coll. Hosp., 3 NY3d 281 [2004]). Moreover, the written escrow agreement between Eastman and Osterman clearly and unambiguously appointed Eastman as Osterman's special agent for the purpose of resolving the boundary line litigation "regardless of the outcome." Osterman, an undisclosed principal, was therefore bound by the settlement made on her account by Eastman (see J.P. Endeavors v Dushaj, 8 AD3d 440 [2004]; Restatement [Second] of Agency § 186). In addition, Osterman's successor-in-interest, the intervenor Fabrice Schneider-Maunoury, is also bound by Eastman's settlement of the action pursuant to the terms of the written escrow agreement which bound Osterman's successors and assigns. Rivera, J.P., Spolzino, Carni and McCarthy, JJ., concur.