In an action, inter alia, to recover damages for breach of contract and violation of Debtor and Creditor Law § 273, the defendant William Pyburn appeals, as limited by his brief, from so much of an order of the Supreme Court, Suffolk County (Emerson, J.), dated September 4, 2012, as denied those branches of his motion which were pursuant to CPLR 3211 (a) (7) and (8) to dismiss the first and third causes of action and a claim for punitive damages set forth in the second amended complaint insofar as asserted against him.
Ordered that the order is modified, on the law, by deleting the provision thereof denying that branch of the motion of the defendant William Pyburn which was pursuant to CPLR 3211 (a) (7) to dismiss the claim for punitive damages set forth in the second amended complaint insofar as asserted against him, and substituting therefor a provision granting that branch of the motion; as so modified, the order is affirmed insofar as appealed from, with costs to the plaintiff.
Contrary to the contentions of the defendant William Pyburn, that branch of his motion which was pursuant to CPLR 3211 (a) (8) to dismiss the first and third causes of action in the second amended complaint insofar as asserted against him on the ground of lack of personal jurisdiction was properly denied. The allegations contained in these causes of action, which are assumed to be true for the purposes of the motion (see Weitz v Weitz, 85 AD3d 1153, 1153-1154 [2011]), were sufficient to set forth a factual basis for subjecting Pyburn to the jurisdiction of the New York courts (see generally Kreutter v McFadden Oil Corp., 71 NY2d 460, 467 [1988]; Ventresca Realty Corp. v Houlihan, 28 AD3d 537, 538 [2006]; J.P. Endeavors v Dushaj, 8 AD3d 440, 442 [2004]).
On a motion pursuant to CPLR 3211 (a) (7) to dismiss for *502 failure to state a cause of action, the pleading must be liberally construed, the factual allegations must be deemed true, and the pleading party must be accorded the benefit of every possible inference (see Leon v Martinez, 84 NY2d 83, 87 [1994]; Kopelowitz & Co., Inc. v Mann, 83 AD3d 793, 797 [2011]; Panish v Panish, 24 AD3d 642, 643 [2005]). Applying this standard to the allegations set forth in the second amended complaint, we find that the plaintiff adequately alleged the first cause of action, sounding in breach of contract, and the third cause of action, alleging a violation of Debtor and Creditor Law § 273 against Pyburn.
However, Pyburn correctly contends that the complaint merely alleges a private wrong and is insufficient to support a claim for punitive damages (see generally New York Univ. v Continental Ins. Co., 87 NY2d 308, 315-316 [1995]). Accordingly, the claim for punitive damages must be dismissed. Mastro, J.P., Hall, Lott and Sgroi, JJ., concur.