■ DE WELL CONTAINER SHIPPING CORP., Appellant, v MING-WEI GUO et al., Defendants/Third-Party Plaintiffs-Respondents, and DE WELL LOGISTICS USA, INC., et al., Respondents. SHANG-HAI DE WELL CONTAINER SHIPPING CORP. et al., Third-Party Defendants-Appellants. [5 NYS3d 523]—

In an action, inter alia, to recover damages for conversion, the plaintiff and the third-party defendants appeal (1), as limited by their brief, from so much of an order of the Supreme Court, Nassau County (Driscoll, J.), dated March 13, 2013, as granted the motion of the defendants/third-party plaintiffs and the defendants to enforce an alleged written stipulation of settlement dated May 16, 2012, against them, and (2) from a judgment of the same court entered July 24, 2013, which, inter alia, upon the order, discontinued the action with prejudice and directed the plaintiff and each third-party defendant to execute two general releases in favor of each defendant/third-party plaintiff and defendant.

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the judgment is reversed, on the law, the motion is denied, the order is modified accordingly, and the matter is remitted to the Supreme Court, Nassau County, for further proceedings on the pleadings; and it is further,

Ordered that one bill of costs is awarded to the plaintiff and the third-party defendants.

The appeal from the order must be dismissed since the right of direct appeal therefrom terminated with the entry of judgment in the action (*see Matter of Aho*, 39 NY2d 241, 248 [1976]). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the judgment (*see* CPLR 5501 [a] [1]).

Absent the formalities required by statute, a stipulation of settlement is not enforceable (*see* CPLR 2104; *Matter of Hicks v Schoetz*, 261 AD2d 944, 944 [1999]). Pursuant to CPLR 2104, "[a]n agreement between parties or their attorneys relating to any matter in an action, other than one made between counsel in open court, is not binding upon a party unless it is in a writing subscribed by him or his attorney or reduced to the form of an order and entered." The stipulation must be "definite and complete" (*Town of Warwick v Black Bear Campgrounds*, 95 AD3d 1002, 1003 [2012]; *see Matter of Dolgin Eldert Corp.*, 31 NY2d 1, 8-9 [1972]), and all material terms must be included (*see Bonnette v Long Is. Coll. Hosp.*, 3 NY3d 281, 283 [2004]).

In this case, the alleged written stipulation of settlement dated May 16, 2012, entitled "Agreement in Principle," was not signed by all the parties to the litigation, and the agreement

did not state that the two signatories to the agreement intended to bind all the parties to the agreement's terms. Further, as a material term of the agreement at issue was contingent upon the parties' executing a formal agreement, the agreement constituted a mere agreement to agree, which is unenforceable (*see Joseph Martin, Jr., Delicatessen v Schumacher*, 52 NY2d 105, 109 [1981]; *410 BPR Corp. v Chmelecki Asset Mgt., Inc.*, 51 AD3d 715 [2008]; *Breuer v Feder*, 27 AD3d 509 [2006]; *cf. Triple A Supplies, Inc. v WPA Acquisition Corp.*, 95 AD3d 1301, 1303 [2012]).

Accordingly, the Supreme Court erred in granting the motion of the defendants/third-party plaintiffs and the defendants to enforce the alleged written stipulation of settlement against the plaintiff and the third-party defendants. Dillon, J.P., Leventhal, Sgroi and Hinds-Radix, JJ., concur.