13-4759-cv
Global Gold Mining, LLC v. Ayvazian

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 27th day of April, two thousand fifteen.

PRESENT:   AMALYA L. KEARSE
           DENNIS JACOBS
           REENA RAGGI,
                     *Circuit Judges.*
-----------------------------------------------------------------------
GLOBAL GOLD MINING, LLC,
                     *Plaintiff-Appellant*,

             v.                                    No. 13-4759-cv

VARDAN AYVAZIAN,
                     *Defendant-Appellee*.
-----------------------------------------------------------------------
APPEARING FOR APPELLANT:       VAN Z. KRIKORIAN, ESQ., Rye, New York (Steven Kayman, Proskauer Rose LLP, New York, New York, and Joshua J. Pollack, Proskauer Rose LLP, Los Angeles, California, *on the brief*).

APPEARING FOR APPELLEE:        BRETT M. SCHATZ, Law Office of Brett M. Schatz P.C., New York, New York.

Appeal from a judgment of the United States District Court for the Southern District of New York (J. Paul Oetken, *Judge*).

1

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment entered on November 26, 2013, is MODIFIED in part and AFFIRMED in part.

Plaintiff Global Gold Mining, LLC ("Global Gold") appeals the district court's dismissal without prejudice of its complaint—which sought both vacatur of an arbitral award and money damages for breach of contract—for lack of personal jurisdiction. Global Gold argues that the district court erroneously (1) gave the arbitral award preclusive effect on the personal-jurisdiction issue, and (2) held that the complaint failed to state a claim for vacatur. We assume the parties' familiarity with the facts and the record of prior proceedings, which we reference only as necessary to explain our decision to modify in part and affirm in part.

1.     Personal Jurisdiction for the Vacatur Claim

We review de novo a district court's personal-jurisdiction and preclusion holdings. See Chloe v. Queen Bee of Beverly Hills, LLC, 616 F.3d 158, 163 (2d Cir. 2010) (personal jurisdiction); Hoblock v. Albany Cnty. Bd. of Elections, 422 F.3d 77, 93 (2d Cir. 2005) (preclusion).

Prior to discovery, a plaintiff generally may meet its burden of making a prima facie showing of personal jurisdiction through factual allegations, which must be presumed true. See Dorchester Fin. Sec., Inc. v. Banco BRJ, S.A., 722 F.3d 81, 84–85 (2d Cir. 2013). Under that standard, Global Gold made a prima facie showing of personal jurisdiction. Global Gold alleged that Ayvazian was an undisclosed principal of the parties who signed

2

the Share Purchase Agreement ("SPA"), which contained an agreement to arbitrate disputes in New York. See J.A. 10, 11, 16. An agreement to arbitrate in a state constitutes consent to personal jurisdiction in that state, see Doctor's Assocs., Inc. v. Stuart, 85 F.3d 975, 979 (2d Cir. 1996), and under both New York and Armenian agency law, an undisclosed principal is bound by contracts made on his behalf, see Eastman v. Steinhoff, 48 A.D.3d 738, 739, 852 N.Y.S.2d 396, 397 (2d Dep't 2008); Industrial Mfrs., Inc. v. Bangor Mills, Inc., 283 A.D. 113, 116, 126 N.Y.S.2d 508, 511 (1st Dep't 1953), aff'd, 307 N.Y. 746, 121 N.E.2d 552 (1954); see also J.A. 650 (declaration of Armenian law expert); cf. N.Y. C.P.L.R. § 3002(b) (allowing suit against both agent and undisclosed principal).

The district court nevertheless held that it lacked personal jurisdiction because the arbitral tribunal's conclusion that Ayvazian was not a party to the SPA had preclusive effect.[1] See Global Gold Mining, LLC v. Ayvazian, 983 F. Supp. 2d 378, 385 (S.D.N.Y. 2013). That holding was error. Under New York law, an arbitral award has preclusive effect only when it is "final," Postlewaite v. McGraw-Hill, 333 F.3d 42, 48 (2d Cir. 2003), i.e., when (a) the award has been confirmed, (b) vacatur has been denied on the merits, or (c) no vacatur motion is pending and the time limit in which to file a vacatur motion has

---

[1] The district court did not use the words "issue preclusion" and, instead, cited our decision in Shaw Group Inc. v. Triplefine International Corp., 322 F.3d 115 (2d Cir. 2003). See Global Gold Mining, LLC v. Ayvazian, 983 F. Supp. 2d 378, 385 (S.D.N.Y. 2013). But Shaw Group addressed a different question: whether parties to a contract had agreed to submit the arbitrability of particular disputes to arbitration. That case is of little help here since the very issue in dispute is whether Ayvazian was a contractual party in the first place. The district court's decision is thus better understood in terms of issue preclusion.

3

expired, see Jacobson v. Fireman's Fund Ins. Co., 111 F.3d 261, 268 (2d Cir. 1997); see also N.Y. C.P.L.R. § 7511(e). At the time of the district court's ruling here, a motion to vacate the arbitral award had been timely filed—the motion at issue in this appeal—and there had been no final judgment deciding it. The award therefore had not yet become final and, thus, had no preclusive effect.

Accordingly, we reverse so much of the district court's personal-jurisdiction holding as applies to Global Gold's vacatur claim and conclude that Global Gold made a prima facie showing of personal jurisdiction for that claim. Because Global Gold made such a showing, and because Ayvazian did not request a hearing on the jurisdictional issue, see Dorchester Fin. Sec., Inc. v. Banco BRJ, S.A., 722 F.3d at 86, the court could properly decide pretrial issues, such as whether the motion stated a claim.

2.      Merits of the Vacatur Claim

We review de novo a district court's determination that a complaint failed to state a claim for vacatur of an arbitral award. See Scandinavian Reinsurance Co. v. Saint Paul Fire & Marine Ins. Co., 668 F.3d 60, 71 (2d Cir. 2012).

The district court erred in deciding whether Global Gold's complaint stated a claim without giving Global Gold an opportunity to be heard on that issue. See Thomas v. Scully, 943 F.2d 259, 260 (2d Cir. 1991). Nevertheless, Global Gold has briefed the issue on appeal, see Appellant's Br. 44–50, and on de novo review we now determine that Global Gold's vacatur claim fails on the merits, see Ferran v. Town of Nassau, 471 F.3d

4

363, 365 (2d Cir. 2006) (holding that court of appeals "may affirm on any basis for which there is sufficient support in the record").

Federal law provides only four grounds for vacatur of an arbitral award. See 9 U.S.C. § 10(a); see also Hall St. Assocs., LLC v. Mattel, Inc., 552 U.S. 576, 584 (2008) (holding that statutory grounds are exclusive). Nevertheless, this Court has held that an arbitrator's "manifest disregard of the law" or of "the terms of the [arbitration] agreement" remains "a valid ground for vacating arbitration awards" as a "judicial gloss" on the statutory grounds. Schwartz v. Merrill Lynch & Co., 665 F.3d 444, 451–52 (2d Cir. 2011) (internal quotation marks omitted). An arbitrator's decision cannot be vacated on the basis of manifest disregard if there is even a "barely colorable justification for the outcome reached." ReliaStar Life Ins. Co. of N.Y. v. EMC Nat'l Life Co., 564 F.3d 81, 86 (2d Cir. 2009) (internal quotation marks omitted).

Global Gold's principal arguments are that (a) by refusing to hold an evidentiary hearing, the arbitral tribunal either (1) "refus[ed] to hear evidence pertinent and material to the controversy," in contravention of 9 U.S.C. § 10(a)(3), or (2) manifestly disregarded the arbitration agreement, by ignoring Article 20(6) of the ICC Rules, see Appellant's Br. 46–48; see also Compl. ¶ 27; and (b) the arbitral tribunal manifestly disregarded the law of issue preclusion by failing to give preclusive effect to a default judgment in Global Gold's favor entered in 2008 (the "2008 Default Judgment"). Further, Global Gold argues that (c) the Partial Award "was inconsistent with the undisputed facts, admissions of party opponents, and applicable law." Compl. ¶ 27. None of these arguments is persuasive.

5

a.     Refusal To Hold a Hearing

Vacatur under 9 U.S.C. § 10(a)(3) is warranted only when the arbitration proceedings were "fundamentally unfair." Kolel Beth Yechiel Mechil of Tartikov, Inc. v. YLL Irrevocable Trust, 729 F.3d 99, 107 (2d Cir. 2013). Fairness requires arbitrators to give a party an "adequate opportunity to present its evidence and argument," but it does not require them to "hear all the evidence proffered by a party." Id. (internal quotation marks omitted). Moreover, "[a]rbitrators have substantial discretion to admit or exclude evidence." Id. (internal quotation marks omitted). Here, the arbitral tribunal considered a letter from a party supporting Global Gold's claim that Ayvazian was an undisclosed principal and heard Global Gold's arguments before concluding that Ayvazian was not a party to the SPA. On this record, we are not persuaded that the refusal to hold a hearing was so "fundamentally unfair" as to warrant vacatur under 9 U.S.C. § 10(a)(3).

Nor are we persuaded that the arbitral tribunal manifestly disregarded its own rules. Article 20(6) of the ICC Rules provides that: "The Arbitral Tribunal may decide the case solely on the documents submitted by the parties unless any of the parties requests a hearing." ICC Rules art. 20(6). The arbitral tribunal, however, determined that Article 20(6) did not apply, explaining that "the intended hearing would concern matters regarding the merits of the dispute" and that "it was not appropriate to hold such a hearing at the present juncture [when] there [were] pending jurisdictional matters to be resolved." J.A. 316. Because the arbitral tribunal's explanation easily exceeds the threshold of being

6

"barely colorable," ReliaStar Life Ins. Co. of N.Y. v. EMC Nat'l Life Co., 564 F.3d at 86, the tribunal did not act in manifest disregard.

b.    Disregard of the 2008 Default Judgment

Global Gold's argument that the 2008 Default Judgment had preclusive effect is meritless. Issue preclusion applies only where the issue was "actually litigated" in the prior proceedings. Wyly v. Weiss, 697 F.3d 131, 141 (2d Cir. 2012) (internal quotation marks omitted). Nothing was actually litigated in the 2008 proceedings because Ayvazian failed to appear. See Arizona v. California, 530 U.S. 392, 414 (2000) ("'In the case of a judgment entered by . . . default, none of the issues is actually litigated. Therefore, the rule of this Section [describing issue preclusion's domain] does not apply with respect to any issue in a subsequent action.'" (second alteration by Arizona v. California court) (quoting Restatement (Second) of Judgments § 27 cmt. e (1982)); see also Abrams v. Interco Inc., 719 F.2d 23, 33 n.9 (2d Cir. 1983) (Friendly, J.) (noting "accepted view that the decision of issues not actually litigated, e.g., a default judgment, has no preclusive effect in other litigation").

c.    Alleged Factual and Legal Errors

Finally, Global Gold alleges factual and legal errors in the Partial Award. See Compl. ¶ 27 (alleging that the Partial Award "was inconsistent with the undisputed facts, admissions of party opponents, and applicable law"). We need not separately address each of these points, some of which we have already rejected on the merits, because none of the errors alleged would be a basis for vacatur. See Westerbeke Corp. v. Daihatsu

7

Motor Co., 304 F.3d 200, 212 n.8 (2d Cir. 2002) ("[W]e will confirm the award if we are able to discern any colorable justification for the arbitrator's judgment, even if that reasoning would be based on an error of fact or law."). Global Gold has not alleged that the arbitral tribunal wholly abdicated its responsibility to apply the law and, instead, imposed its "own brand of industrial justice." ReliaStar Life Ins. Co. of N.Y. v. EMC Nat'l Life Co., 564 F.3d at 85 (internal quotation marks omitted). It follows that Global Gold cannot prevail.

Accordingly, we hold that Global Gold's motion for vacatur fails on the merits, and we modify the judgment to dismiss the vacatur claim with prejudice.

3.    Personal Jurisdiction for the Money-Damages Claim

Because we have modified the judgment to reflect dismissal of the vacatur claim on the merits, the arbitral award is now final under New York law. The arbitral tribunal's determination that Ayvazian was not a party to the SPA therefore now precludes a conclusion that personal jurisdiction exists for the money-damages claim. See Ruhrgas AG v. Marathon Oil Co., 526 U.S. 574, 585 (1999) (noting that personal-jurisdiction determinations can have preclusive effect) (citing Baldwin v. Iowa State Traveling Men's Ass'n, 283 U.S. 522, 524–527 (1931)). Although it may seem odd to deny the award preclusive effect over one claim and to grant it preclusive effect over another in the same suit, that is the logical result anytime a suit includes both a claim to vacate an award and other claims that might be precluded by a final award. See Benjamin v. Traffic Exec. Ass'n–E. R.Rs., 688 F. Supp. 903, 907–08 (S.D.N.Y. 1988) (denying vacatur of arbitral

8

award and then giving award preclusive effect over other claims in same suit), aff'd, 869 F.2d 107 (2d Cir. 1989) ("[W]e conclude that the district court properly applied collateral estoppel when it granted summary judgment for the defendants on [the remaining claims].").  The apparent oddity would disappear if the motion to vacate and the money-damages claim were brought in two separate suits; once the vacatur suit was dismissed on the merits, the award would have preclusive effect in the money-damages suit.  There is no reason for a different result because Global Gold chose to bring both claims in a single complaint.   Accordingly, we affirm the district court's dismissal without prejudice of the money-damages claim for lack of personal jurisdiction.

We note that the arbitral tribunal's determination that Ayvazian was not a party to the SPA would also defeat Global Gold's money-damages claim on the merits. Nevertheless, because Ayvazian has challenged personal jurisdiction and because the arbitral award requires us to find no personal jurisdiction, we cannot reach that issue or dismiss the claim with prejudice.  See Sinochem Int'l Co. v. Malaysia Int'l Shipping Corp., 549 U.S. 422, 430–31 (2007) ("[A] federal court generally may not rule on the merits of a case without first determining that it has jurisdiction over the category of claim in suit (subject-matter jurisdiction) and the parties (personal jurisdiction)."); Vandor, Inc. v. Militello, 301 F.3d 37, 38–39 (2d Cir. 2002) ("[A]bsent jurisdiction federal courts do not have the power to dismiss with prejudice." (internal quotation marks and emphasis omitted)).

We have considered plaintiff's remaining arguments and conclude that they are without merit. We therefore MODIFY the judgment of the district court to dismiss the vacatur claim with prejudice and AFFIRM the dismissal of the money-damages claim without prejudice.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, Clerk of Court