■ MILISSA J. MARTIN, Appellant, v PETER F. HARRINGTON et al., Respondents. [31 NYS3d 605]—

In an action, inter alia, to recover damages for trespass, the plaintiff appeals from so much of an order of the Supreme Court, Westchester County (Wood, J.), entered April 17, 2015, as granted those branches of the defendants' motion which were to enforce a settlement agreement between the plaintiff and the defendants and to dismiss the complaint.

Ordered that the order is affirmed insofar as appealed from, with costs.

This case arises from a property line dispute between neighbors in Waccabuc, Westchester County. The plaintiff alleged that, as a result of the defendants' installation and building of an asphalt driveway, they encroached and trespassed on her land. The plaintiff commenced this action against the defendants in 2009, seeking certain injunctive relief, to recover damages for trespass, and punitive damages.

The defendants alleged that, approximately six months after the action was commenced, the parties entered into a settlement agreement. The settlement arose when the plaintiff's then counsel sent a letter to the defendants proposing a settlement in which the plaintiff would discontinue the action if the defendants satisfied certain conditions. The defendants alleged that they satisfied the conditions of the settlement agreement and that they removed the alleged encroachment at a cost of more than $5,500.

The action was never discontinued. Approximately three years later, the plaintiff again complained to the defendants that they were still encroaching upon her land. The defendants moved, inter alia, to enforce the settlement agreement, to dismiss the complaint, and for sanctions pursuant to 22 NYCRR 130-1.1. The Supreme Court granted those branches of the motion which were to enforce the settlement agreement and to dismiss the complaint.

CPLR 2104 governs the enforceability of settlement agreements (*see Forcelli v Gelco Corp.*, 109 AD3d 244 [2013]; *Peralta v All Weather Tire Sales & Serv., Inc.*, 58 AD3d 822 [2009]; *Eastman v Steinhoff*, 48 AD3d 738, 739 [2008]). Pursuant to CPLR 2104, a settlement agreement is binding upon a party if it is in a writing subscribed either by the party or by his or her attorney. To be enforceable, a settlement agreement must set forth all material terms, and there must be clear mutual accord between the parties (*see Bonnette v Long Is. Coll. Hosp.*, 3 NY3d 281, 285-286 [2004]).

Here, the material terms of the settlement agreement were set forth in a letter by the plaintiff's then attorney, who had apparent authority to settle the case on her behalf based on the plaintiff's actions (*see Hallock v State of New York*, 64 NY2d 224 [1984]). The exchange of correspondence between the attorneys for the parties, in conjunction with the defendants' completion of the tasks demanded in the settlement without any objection by the plaintiff, was sufficient to constitute an enforceable settlement agreement between the parties (*see Forcelli v Gelco Corp.*, 109 AD3d 244 [2013]; *Williamson v Delsener*, 59 AD3d 291 [2009]; *Wronka v GEM Community Mgt.*, 49 AD3d 869, 872 [2008]; *Palmo v Straub*, 45 AD3d 1090, 1092 [2007]; *Davidson v Metropolitan Tr. Auth.*, 44 AD3d 819 [2007]; *Roberts v Stracick*, 13 AD3d 1208 [2004]; *Gaglia v Nash*, 8 AD3d 992, 993 [2004]).

The plaintiff's remaining contentions are without merit.

Accordingly, the Supreme Court properly granted those branches of the defendants' motion which were to enforce the settlement agreement and to dismiss the complaint. Hall, J.P., Roman, Cohen and Connolly, JJ., concur.