■ FLUSHING AUTO SALVAGE, INC., Appellant, v CITY OF NEW YORK, Respondent. [39 NYS3d 835]—

In an action, inter alia, for specific performance of a stipulation of settlement, the plaintiff appeals, as limited by its brief, from so much of an order of the Supreme Court, Queens County (Hart, J.), entered September 16, 2014, as denied its motion for summary judgment on the cause of action for specific perform-

ance of the stipulation of settlement and denied its separate motion to consolidate this action with a pending holdover proceeding between the parties, and granted that branch of the defendant's cross motion which was for summary judgment dismissing the cause of action for specific performance of the stipulation of settlement.

Ordered that the order is affirmed insofar as appealed from, with costs.

The Supreme Court properly denied the plaintiff's motion for summary judgment on the cause of action for specific performance of a stipulation of settlement and granted that branch of the defendant's cross motion which was for summary judgment dismissing that cause of action. The stipulation of settlement provided in pertinent part that the parties would enter into a lease, but since the stipulation failed to state the duration and other material terms of the anticipated lease, this provision constituted a mere agreement to agree, which is unenforceable (*see Matter of Express Indus. & Term. Corp. v New York State Dept. of Transp.*, 93 NY2d 584, 589-590 [1999]; *Joseph Martin, Jr., Delicatessen v Schumacher*, 52 NY2d 105, 109 [1981]; *De Well Container Shipping Corp. v Mingwei Guo*, 126 AD3d 846, 847-848 [2015]). The plaintiff's argument that the ambiguous language in the stipulation of settlement should have been interpreted against the defendant is without merit, as both parties were represented by counsel and the record reflects that the stipulation was the result of negotiations between commercially sophisticated parties (*see Shadlich v Rongrant Assoc., LLC*, 66 AD3d 759 [2009]).

The plaintiff's contention that the defendant was collaterally estopped from relitigating the plaintiff's alleged entitlement to a lease, raised for the first time on appeal, is not properly before this Court.

In light of the foregoing, the Supreme Court also properly denied the plaintiff's separate motion to consolidate this action with a pending holdover proceeding between the parties. Leventhal, J.P., Maltese, LaSalle and Brathwaite Nelson, JJ., concur.