◼ CLARENCE LITTLE, Respondent, v COUNTY OF NASSAU et al., Defendants, and 100 BLACK MEN OF LONG ISLAND DEVELOPMENT GROUP, INC., et al., Appellants. [48 NYS3d 723]—

In an action, inter alia, to recover damages for breach of an employment contract, the defendants 100 Black Men of Long Island Development Group, Inc., Floyd Arthur, Jeffrey Daniels, and Isaac Ephraim appeal from (1) an order of the Supreme Court, Nassau County (Janowitz, J.), dated May 6, 2015, and (2) an amended order of the same court dated May 11, 2015, which denied their motion to enforce a settlement agreement between the plaintiff and the defendant 100 Black Men of Long Island Development Group, Inc.

Ordered that the appeal from the order dated May 6, 2015, is dismissed, as that order was superseded by the amended order dated May 11, 2015; and it is further,

Ordered that the amended order dated May 11, 2015, is affirmed; and it is further,

Ordered that one bill of costs is awarded to the plaintiff, payable by the defendants 100 Black Men of Long Island Development Group, Inc., Floyd Arthur, Jeffrey Daniels, and Isaac Ephraim.

The Supreme Court properly determined that the plaintiff and the appellants did not enter into an enforceable settlement agreement. To be enforceable, stipulations of settlement must conform to the criteria set forth in CPLR 2104 (*see Eastman v Steinhoff*, 48 AD3d 738, 739 [2008]; *Marpe v Dolmetsch*, 256 AD2d 914 [1998]). Where, as here, a settlement is not made in open court, CPLR 2104 provides: "An agreement between parties or their attorneys relating to any matter in an action . . . is not binding upon a party unless it is in a writing subscribed by him or his attorney." The plain language of the statute directs that the agreement itself must be in writing and signed by the party to be bound or that party's attorney (*see Bonnette v Long Is. Coll. Hosp.*, 3 NY3d 281, 286 [2004]). In addition, since settlement agreements are subject to the principles of contract law, "for an enforceable agreement to exist, all material terms must be set forth and there must be a manifestation of mutual assent" (*Diarassouba v Urban*, 71 AD3d 51, 60 [2009]).

Here, the alleged settlement agreement did not set forth all of the material terms of the settlement, and it was conditioned on the plaintiff's counsel confirming that there were no "problems/issues under the General Obligations Law." Accordingly, it constituted a mere agreement to agree, which is unenforceable (*see Joseph Martin, Jr., Delicatessen v Schumacher*, 52 NY2d 105, 109 [1981]; *De Well Container Shipping Corp. v Mingwei Guo*, 126 AD3d 846, 847-848 [2015]). Hall, J.P., Miller, Connolly and Brathwaite Nelson, JJ., concur.