Kataldo v Atlantic Chevrolet Cadillac (2018 NY Slip Op 03669)





Kataldo v Atlantic Chevrolet Cadillac


2018 NY Slip Op 03669


Decided on May 23, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 23, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
RUTH C. BALKIN
JEFFREY A. COHEN
COLLEEN D. DUFFY, JJ.


2016-09714
 (Index No. 5397/14)

[*1]Darlene Kataldo, respondent, 
v
Atlantic Chevrolet Cadillac, et al., defendants, Long Island Corvette Owners, appellant.


Goldberg Segalla, LLP, Garden City, NY (Brendan T. Fitzpatrick and Theodore W. Ucinski of counsel), for appellant.
Napoli Shkolnik, PLLC, New York, NY (Joseph J. Napoli and Rachel L. Shkolnik of counsel), for respondent.



DECISION & ORDER
In an action to recover damages for personal injuries, etc., the defendant Long Island Corvette Owners appeals from an order of the Supreme Court, Suffolk County (Joseph Pastoressa, J.), dated July 18, 2016. The order, insofar as appealed from, denied the motion of the defendant Long Island Corvette Owners to enforce a settlement agreement.
ORDERED that the order is affirmed insofar as appealed from, with costs.
This case arises from a trip-and-fall accident that allegedly occurred at an event operated by the defendant Long Island Corvette Owners (hereinafter LICO). The plaintiff commenced this action against LICO and the defendants Atlantic Chevrolet Cadillac and Atlantic Automotive Group to recover damages for personal injuries she allegedly sustained as a result of the accident. The plaintiff's then counsel of record orally agreed to settle the case, but the plaintiff refused to execute the settlement documents and thereafter retained new counsel. LICO moved to enforce the alleged settlement agreement. The Supreme Court denied LICO's motion, and LICO appeals.
To be enforceable, a stipulation of settlement must conform to the criteria set forth in CPLR 2104 (see Forcelli v Gelco Corp., 109 AD3d 244, 248; see also Martin v Harrington, 139 AD3d 1017, 1018). Where, as in the instant case, counsel for the parties did not enter into a settlement in open court, an "agreement between parties or their attorneys relating to any matter in an action . . . is not binding upon a party unless it is in a writing subscribed by him or his attorney" (CPLR 2104). The plain language of CPLR 2104 requires that "the agreement itself must be in writing, signed by the party (or attorney) to be bound" (Bonnette v Long Is. Coll. Hosp., 3 NY3d 281, 286; see Forcelli v Gelco Corp., 109 AD3d at 248). An email message may be considered "subscribed" as required by CPLR 2104, and, therefore, capable of enforcement, where it "contains all material terms of a settlement and a manifestation of mutual accord, and the party to be charged, or his or her agent, types his or her name under circumstances manifesting an intent that the name be treated as a signature" (Forcelli v Gelco Corp., 109 AD3d at 251).
Here, the email confirming the settlement agreement was sent by counsel for the party seeking to enforce the agreement, LICO. There is no email subscribed by the plaintiff, who is the party to be charged, or by her former attorney. In the absence of a writing subscribed by the plaintiff or her attorney, the settlement agreement is unenforceable against the plaintiff (see id. at 248; see also CPLR 2104).
LICO's remaining contentions are without merit.
Accordingly, the Supreme Court properly denied LICO's motion to enforce the settlement agreement.
MASTRO, J.P., BALKIN, COHEN and DUFFY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court