Teixeira v Woodhaven Ctr. of Care (2019 NY Slip Op 04986)





Teixeira v Woodhaven Ctr. of Care


2019 NY Slip Op 04986


Decided on June 19, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 19, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
ROBERT J. MILLER
HECTOR D. LASALLE
LINDA CHRISTOPHER, JJ.


2017-12375
 (Index No. 606482/15)

[*1]Silvia Teixeira, etc., respondent,
v
Woodhaven Center of Care, appellant.


Kaufman Borgeest & Ryan LLP, Valhalla, NY (Eldar Mayouhas and Jacqueline Mandell of counsel), for appellant.
The Duffy Law Firm, PLLC, Uniondale, NY (Damien Smith of counsel), for respondent.



DECISION & ORDER
In an action, inter alia, to recover damages for wrongful death, the defendant appeals from an order of the Supreme Court, Suffolk County (Peter H. Mayer, J.), dated October 23, 2017. The order, insofar as appealed from, denied that branch of the defendant's motion which was pursuant to CPLR 2104 to enforce the parties' purported settlement agreement.
ORDERED that the order is affirmed insofar as appealed from, with costs.
The plaintiff, as the administrator of her father's estate (hereinafter the decedent), commenced this action, inter alia, to recover damages for wrongful death against the defendant, a nursing home facility, alleging that the negligence of the defendant's employees caused the decedent to choke to death while under the defendant's care. While the plaintiff and the defendant were engaged in settlement discussions, the defendant filed an order to show cause in the Surrogate's Court, asserting a claim against the decedent's estate in the sum of $838,218 for services allegedly rendered. The defendant did not provide the attorney representing the plaintiff in this action with a copy of this order to show cause during settlement negotiations.
On October 11, 2016, the plaintiff's counsel and the defendant's counsel engaged in an email exchange wherein the defendant's counsel offered a settlement in the sum of $290,000. The plaintiff's counsel responded "consider this settled," and went on to note that he expected to receive a copy of the order to show cause that had been filed in the Surrogate's Court and that, "pending the resolution of the Surrogate proceedings," the parties may have to "work something out in terms of the client's funds." On October 24, 2016, the plaintiff's counsel wrote a letter to the court informing it that the matter had been settled. However, on November 15, 2016, after receiving a copy of the order to show cause and learning that no agreement could be reached in the Surrogate's Court dispute, the plaintiff's counsel informed the defendant's counsel that the plaintiff would not approve the settlement.
The defendant moved, inter alia, pursuant to CPLR 2104 to enforce the purported settlement agreement. The Supreme Court denied that branch of the motion, and the defendant appeals.
CPLR 2104 states, in relevant part, that "[a]n agreement between parties or their attorneys relating to any matter in an action, other than one made between counsel in open court, is not binding upon a party unless it is in a writing subscribed by him [or her] or his [or her] attorney or reduced to the form of an order and entered." Furthermore, "[t]o be enforceable, a settlement agreement must set forth all material terms, and there must be [a] clear mutual accord between the parties" (Martin v Harrington, 139 AD3d 1017, 1018; see Little v County of Nassau, 148 AD3d 797, 798; De Well Container Shipping Corp. v Mingwei Guo, 126 AD3d 846, 847). An email that merely confirms a purported settlement is not necessarily sufficient to bring the purported settlement into the scope of CPLR 2104 (see DeVita v Macy's E., Inc., 36 AD3d 751, 751). However, where "an email message contains all material terms of a settlement and a manifestation of mutual accord, and the party to be charged, or his or her agent, types his or her name under circumstances manifesting an intent that the name be treated as a signature, such an email message may be deemed a subscribed writing within the meaning of CPLR 2104 so as to constitute an enforceable agreement" (Forcelli v Gelco Corp., 109 AD3d 244, 251; see Kataldo v Atlantic Chevrolet Cadillac, 161 AD3d 1059, 1060). Here, contrary to the defendant's contention, the email exchange between counsel did not evidence a clear mutual accord, as the language used by the plaintiff's counsel, "consider it settled," is followed by a discussion of further occurrences necessary to finalize the agreement. Accordingly, we agree with the Supreme Court's denial of that branch of the defendant's motion which was pursuant to CPLR 2104 to enforce the purported settlement agreement.
In light of our determination, we need not reach the parties' remaining contentions.
CHAMBERS, J.P., MILLER, LASALLE and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court