Matter of Pittsford Canalside Props., LLC v Village of Pittsford Zoning Bd. of Appeals (2020 NY Slip Op 01812)





Matter of Pittsford Canalside Props., LLC v Village of Pittsford Zoning Bd. of Appeals


2020 NY Slip Op 01812


Decided on March 13, 2020


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 13, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., CENTRA, PERADOTTO, NEMOYER, AND WINSLOW, JJ.


1162 CA 19-00728

[*1]IN THE MATTER OF PITTSFORD CANALSIDE PROPERTIES, LLC, PETITIONER-RESPONDENT,
v
VILLAGE OF PITTSFORD ZONING BOARD OF APPEALS, VILLAGE OF PITTSFORD ARCHITECTURAL PRESERVATION AND REVIEW BOARD, RESPONDENTS-APPELLANTS, AND FRIENDS OF PITTSFORD VILLAGE, INC., INTERVENOR-APPELLANT. 






HODGSON RUSS LLP, BUFFALO (CHARLES W. MALCOMB OF COUNSEL), FOR RESPONDENTS-APPELLANTS.
KNAUF SHAW LLP, ROCHESTER (ALAN J. KNAUF OF COUNSEL), FOR INTERVENOR-APPELLANT. 
WEAVER MANCUSO FRAME LLC, ROCHESTER (JOHN A. MANCUSO OF COUNSEL), FOR PETITIONER-RESPONDENT.


 Appeals from a judgment (denominated order and judgment) of the Supreme Court, Monroe County (John J. Ark, J.), entered October 22, 2018 in a CPLR article 78 proceeding. The judgment, among other things, directed respondent Village of Pittsford Architectural Preservation and Review Board to issue a certificate of approval subject to receipt, review and approval of certain items. 
It is hereby ORDERED that the judgment so appealed from is unanimously reversed on the law without costs, petitioner's motion to enforce the order dated October 4, 2017 is denied in its entirety, and the matter is remitted to Supreme Court, Monroe County, for further proceedings in accordance with the following memorandum: Petitioner Pittsford Canalside Properties, LLC (PCP) is the owner of a parcel of property located in the Village of Pittsford on which it intends to construct a multiple-dwelling building community (Project). PCP commenced this CPLR article 78 proceeding seeking to annul the December 10, 2014 determination of respondent Village of Pittsford Architectural Preservation and Review Board (APRB) denying PCP's application for a certificate of approval for the Project and the August 17, 2015 determination of respondent Village of Pittsford Zoning Board of Appeals (ZBA) that, after a de novo review on appeal of APRB's determination, also denied PCP's application for a certificate of approval. Thereafter, as part of a global settlement discussion, PCP and APRB exchanged correspondence with respect to the Project's compliance with the mass and scale requirement of section 210-60 (A) (1) (f) of the Pittsford Village Code, one of several factors that was pertinent to APRB's determination whether to grant a certificate of approval. As a result of that correspondence, PCP submitted, among other things, revised project drawings to APRB, but APRB asserted that the revised drawings contained elements that were not in conformance with what APRB had previously agreed were acceptable. PCP then moved for an order determining that it and APRB had entered into a settlement agreement as stated in the "various correspondences and . . . detailed in the [supporting] Affidavits, including those dated April 4, 2017 (and enclosures) and dated April 7, 2017, as well as additional correspondences and enclosures, including . . . that correspondence dated May 30, 2017." PCP also sought enforcement of the settlement agreement. In an order dated October 4, 2017 (prior order), Supreme Court found "that the conditions and parameters as set forth in the April 4, 2017 letter are still viable and available to [PCP] subject to a public meeting before, and vote of, the APRB" and "remanded" PCP's application for a [*2]certificate of approval "back to the APRB for reconsideration pursuant to the mass and scale parameters set forth in the April 4, 2017 letter and completion of the [c]ertificate of [a]pproval process."
After APRB failed to issue a certificate of approval and instead referred PCP's proposal for the Project to the Planning Board, PCP moved for, inter alia, an order enforcing the prior order and directing APRB to issue a certificate of approval. Following a hearing, the court, in effect, granted the motion in part and, among other things, remitted the matter to APRB to review PCP's new application for a certificate of approval, which the court deemed complete and "in conformity with the mass and scale parameters of the April 4, 2017 letter." The court also directed APRB to issue a certificate of approval "in accordance with the [c]ourt's Findings of Fact and Conclusions of Law, subject to . . . APRB receiving, reviewing and approving all of the items that it normally reviews in connection with any application that it receives." As a result of that determination, the court never reviewed the determinations challenged in the petition and denied the intervening motions of ZBA and APRB to dismiss the petition against them, PCP's motion to strike certain submissions of APRB, and PCP's cross motion for, inter alia, leave to serve an amended petition (intervening motions). APRB, ZBA, and intervenor Friends of Pittsford Village, Inc. (FOPV) appeal, and we now reverse.
We agree with appellants that the court erred in concluding that PCP and APRB reached an enforceable settlement agreement on the issues of the mass and scale of the Project and in remitting the matter to APRB with specific limitations on its further review. "An agreement between parties or their attorneys relating to any matter in an action, other than one made between counsel in open court, is not binding upon a party unless it is in a writing subscribed by [the party] or his [or her] attorney or reduced to the form of an order and entered" (CPLR 2104). "[S]ettlement-related writings[, however,] will not be found to have created a binding agreement if they expressly anticipate a subsequent writing that is to officially memorialize the existence of a settlement agreement and set forth all of its material terms" (Matter of George W. & Dacie Clements Agric. Research Inst., Inc. v Green, 130 AD3d 1422, 1423-1424 [3d Dept 2015]; see Little v County of Nassau, 148 AD3d 797, 798 [2d Dept 2017]).
Here, the letters that the court found to have memorialized the settlement agreement did not contain all the material terms of the settlement and constituted no more than an agreement to agree (see Little, 148 AD3d at 798). APRB stated therein only that it was "now in a position to agree to a settlement of the mass and scale issues," but that first it would "need to receive, review and approve all of the items that it normally reviews in connection with any application it receives." Any agreement was further conditioned on APRB's receipt of additional documentation from PCP, including "an accurate, to-scale site plan" and further roof specifications (see George W. & Dacie Clements Agric. Research Inst., Inc., 130 AD3d at 1423-1424). 
We further conclude that, in the absence of an enforceable settlement agreement, the court's hearing on the issues of mass and scale, subsequent decision rendering findings of fact related to PCP's new application for a certificate of approval, and remittal to APRB for consideration of that application with specific directives regarding what APRB could and could not consider were impermissible intrusions into respondents' administrative domain (see Matter of Concetta T. Cerame Irrevocable Family Trust v Town of Perinton Zoning Bd. of Appeals, 6 AD3d 1091, 1092 [4th Dept 2004]). We therefore reverse the judgment, deny the motion to enforce the prior order in its entirety, and remit the matter to Supreme Court for further proceedings on the petition, if necessary, after consideration of the intervening motions.
Entered: March 13, 2020
Mark W. Bennett
Clerk of the Court