Harleysville Ins. Company/Nationwide Gen. Ins. Co. v Estate of Otmar Boser (2023 NY Slip Op 04113)

Harleysville Ins. Company/Nationwide Gen. Ins. Co. v Estate of Otmar Boser

2023 NY Slip Op 04113

Decided on August 2, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on August 2, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
JOSEPH J. MALTESE
DEBORAH A. DOWLING
BARRY E. WARHIT, JJ.

2020-05702
 (Index No. 51958/20)

[*1]Harleysville Insurance Company/Nationwide General Insurance Company, appellant, 
v
Estate of Otmar Boser, et al., respondents.

Milber Makris Plousadis & Seiden, LLP, Woodbury, NY (Sarah M. Ziolkowski of counsel), for appellant.
The Pillersdorf Law Firm, New York, NY (Andrew H. Pillersdorf of counsel), for respondents.

DECISION & ORDER
In an action to enforce a purported settlement agreement, the plaintiff appeals from an order of the Supreme Court, Westchester County (James W. Hubert, J.), dated June 29, 2020. The order, insofar as appealed from, denied that branch of the plaintiff's motion which was to enforce the purported settlement agreement and granted the defendants' cross-motion pursuant to CPLR 7510 to confirm an arbitration award.
ORDERED that the order is affirmed insofar as appealed from, with costs.
In February 2020, the plaintiff commenced this action against the defendants, the Estate of Otmar Boser and Ruth Boser, as executor of the Estate of Otmar Boser, to enforce a purported settlement agreement. The purported settlement agreement arose out of 2017 action commenced by Ruth Boser to recover damages for personal injuries and wrongful death sustained by the decedent, Otmar Boser, in a motor vehicle accident in March 2017 wherein the decedent, who was driving a motor vehicle insured by the plaintiff, was injured and later died from his injuries. In 2018, Ruth Boser filed a demand for arbitration of an underinsurance claim against the plaintiff and, on November 7, 2019, an arbitration award was issued in favor of Ruth Boser in the principal sum of $950,000. The plaintiff alleged that the purported settlement agreement was negotiated and finalized by the parties on or about November 10, 2019, rendering the arbitration award a nullity. The plaintiff moved, inter alia, to enforce the purported settlement agreement. The defendants cross-moved pursuant to CPLR 7510 to confirm the arbitration award. In an order dated June 29, 2020, the Supreme Court, among other things, denied that branch of the motion and granted the cross-motion. The plaintiff appeals. We affirm.
CPLR 2104 provides, in relevant part, that, "[a]n agreement between parties or their attorneys relating to any matter in an action, other than one made between counsel in open court, is not binding upon a party unless it is in a writing subscribed by him [or her] or his [or her] attorney or reduced to the form of an order and entered." "To be enforceable, a settlement agreement must set forth all material terms, and there must be [a] clear mutual accord between the parties" (Martin v Harrington, 139 AD3d 1017, 1018; see Little v County of Nassau, 148 AD3d 797, 798). "An email that merely confirms a purported settlement is not necessarily sufficient to bring the purported settlement into the scope of CPLR 2104" (Teixeira v Woodhaven Ctr. of Care, 173 AD3d 1108, [*2]1109). Here, contrary to the plaintiff's contention, an email exchange between counsel for the parties did not evidence a clear mutual accord since it included a discussion of further occurrences necessary to finalize the agreement (see id. at 1109; Little v County of Nassau, 148 AD3d at 798). Specifically, the email of counsel for the defendants contains an additional term—requiring the plaintiff to agree that the amount of $50,000, which had been received from the insurance carrier of the other vehicle involved in the accident, would not be set off against the settlement, and the defendants would receive a total of $500,000—and thus does not demonstrate a final written agreement which was the product of mutual accord (see Bonnette v Long Is. Coll. Hosp., 3 NY3d 281, 286; Teixeira v Woodhaven Ctr. of Care, 173 AD3d at 1109). Further, the email at issue noted that any agreement was based upon an understanding that no arbitration award had been reported, and that counsel for the defendants intended to inform the arbitrator that no award was required—evidencing that additional steps had to be taken to finalize the settlement (see Velazquez v St. Barnabas Hosp., 13 NY3d 894, 895; Teixeira v Woodhaven Ctr. of Care, 173 AD3d at 1109). Since the email exchange between counsel for the parties failed to satisfy the requirements of CPLR 2104, it did not constitute a settlement agreement between the parties (see Teixeira v Woodhaven Ctr. of Care, 173 AD3d at 1108).
The defendants' cross-motion to confirm the arbitration award was properly granted since no meritorious grounds were alleged for denying confirmation (see CPLR 7511; Matter of Goldfinger v Lisker, 68 NY2d 225, 231; Matter of Erin Constr. & Dev. Co., Inc. v Meltzer, 58 AD3d 729, 729-730).
The parties' remaining contentions either are without merit or need not be addressed in light of our determination.
DUFFY, J.P., MALTESE, DOWLING and WARHIT, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court