Vlastakis v Mannix Family Mkt. @ Veteran's Rd., LLC (2023 NY Slip Op 05287)

Vlastakis v Mannix Family Mkt. @ Veteran's Rd., LLC

2023 NY Slip Op 05287

Decided on October 18, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on October 18, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
LINDA CHRISTOPHER
WILLIAM G. FORD
BARRY E. WARHIT, JJ.

2021-09501
 (Index No. 152651/17)

[*1]Yotta Vlastakis, respondent, 
v
Mannix Family Market &commat; Veteran's Road, LLC, appellant.

Torino & Bernstein, P.C., Mineola, NY (Bruce A. Torino and Ellie S. Konstantatos of counsel), for appellant.
D'Agostino and Associates, P.C., Staten Island, NY (Jonathan R. D'Agostino of counsel), for respondent.

DECISION & ORDER
In an action to recover damages for personal injuries, the defendant appeals from an order of the Supreme Court, Richmond County (Orlando Marrazzo, Jr., J.), dated December 14, 2021. The order denied the defendant's motion pursuant to CPLR 2104 to enforce a purported settlement agreement between the parties.
ORDERED that the order is affirmed, with costs.
The plaintiff commenced this action to recover damages for personal injuries she allegedly sustained when she tripped and fell at premises owned by the defendant. In September 2021, the defendant moved pursuant to CPLR 2104 to enforce a purported settlement agreement between the parties, contending that the parties had reached a settlement that was memorialized in an email message dated October 7, 2020. By order dated December 14, 2021, the Supreme Court denied the defendant's motion, determining that "there was no meeting of the minds or the creation of a settlement that is legally enforceable." The defendant appeals.
"CPLR 2104 governs the enforceability of settlement agreements" (Martin v Harrington, 139 AD3d 1017, 1018; see Forcelli v Gelco Corp., 109 AD3d 244, 248). Pursuant to that statute, "a settlement agreement is binding upon a party if it is in a writing subscribed either by the party or by his or her attorney" (Martin v Harrington, 139 AD3d at 1018; see CPLR 2104). "To be enforceable, a settlement agreement must set forth all material terms, and there must be clear mutual accord between the parties" (Martin v Harrington, 139 AD3d at 1018). "An email that merely confirms a purported settlement is not necessarily sufficient to bring the purported settlement into the scope of CPLR 2104" (Teixeira v Woodhaven Ctr. of Care, 173 AD3d 1108, 1109; see DeVita v Macy's E., Inc., 36 AD3d 751, 751).
Here, contrary to the defendant's contention, an email exchange between counsel did not evidence a clear mutual accord. The email dated October 7, 2020, purportedly confirming the settlement agreement, stated that it was memorializing the "tentative resolution" of the case and was sent by counsel for the defendant, which is the party seeking to enforce the agreement. There is no email subscribed by the plaintiff, who is the party to be charged, or by her attorney confirming the [*2]agreement (see Kataldo v Atlantic Chevrolet Cadillac, 161 AD3d 1059, 1060).
Accordingly, the Supreme Court properly denied the defendant's motion pursuant to CPLR 2104 to enforce a purported settlement agreement between the parties.
BARROS, J.P., CHRISTOPHER, FORD and WARHIT, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court